## *Ex parte* WOOD.

No. 8127.   Opinion Filed July 25, 1916.

(159 Pac. 483.)

**HABEAS CORPUS—Proceedings—Answer by Respondent.** Where an officer, charged with an unlawful restraint, neglects to make a return to a writ of **habeas corpus,** or offer an excuse for his failing so to do, and the petition, duly verified on its face, shows that the petitioner is by said officer illegally restrained of his liberty, no legal cause for the restraint appearing, such petitioner is entitled to his discharge.

(Syllabus by the Court.)

Original application by S. G. Wood for writ of *habeas corpus.*   Petitioner discharged.

*Sigler & Howard,* for petitioner.

SHARP, J.   On March 28, 1916, S. G. Wood filed in this court his petition, wherein he alleged that he was illegally restrained of his liberty by Buck Garrett, sheriff of Carter county, and in which he prayed for a writ of *habeas corpus* to be directed to said sheriff.   On the presentation of the petition, the writ was issued and made returnable on April 4th thereafter.   No return thereto has ever been made.

Section 4889, Rev. Laws 1910, requires that the sheriff or other person to whom a writ of *habeas corpus* is directed shall make immediate return thereof, and that if such officer neglect or refuse to make return, after due service, or shall refuse or neglect to obey the writ by producing the party named therein, and no sufficient excuse be shown for such neglect or refusal, the court shall order obedience by attachment. Section 4890 provides that the return shall be signed and verified by the person making it, who shall state: First, the authority or cause of restraint of the party in his custody; second, if the authority be in writing he shall return a copy and produce the original on the hearing; third, if he has had the party in his custody, or under his restraint, and has transferred him to another, he shall state to whom, the time, place, and cause of the transfer. Said section also requires that the person making the return shall produce the party on the hearing, unless prevented by sickness or infirmity, which fact must be shown in the return. Section 4891 provides that the plaintiff may except to the sufficiency of or controvert the return or any part thereof, with other provisions not necessary to here mention. Section 4892 is to the effect that upon issues joined the court or judge shall proceed in a summary way to hear and determine the action, and if no legal cause be shown for the restraint, or for the continuance thereof, shall discharge the petitioner.

The petition, duly verified, on its face shows that Wood, on the date thereof, was illegally confined in the county jail of Carter county, and as the sheriff in whose custody he was confined has failed to make any return, or offer an excuse for a failure so to do, the petitioner should be discharged. While the court has ample power to enforce

obedience to its order by attachment, and require that the sheriff shall make a return to the writ, we are not required to do so, but may proceed in a summary way to determine the cause upon the verified and undenied petition.

From a consideration of the petition and numerous exhibits attached thereto, it is obvious that the petitioner was on the date complained of unlawfully restrained of his liberty, and should be discharged; and it is so ordered.

All the Justices concur.