## Ex parte GLADYS VAUGHT SELF.

No. A-5333. Opinion Filed March 7, 1925.
(233 Pac. 783.)

(Syllabus.)

**Habeas Corpus—Petitioner Held Entitled to Discharge, Where Legal Cause for Restraint not Shown.** Where a prisoner, in custody under a sentence of conviction, before a justice of the peace, seeks to be discharged on habeas corpus on the ground of imprisonment without due process of law, and the sheriff charged with such unlawful restraint neglects to make answer or return to a rule to show cause why the writ should not be allowed, and the petition, duly verified on its face, shows that said petitioner is by said officer illegally restrained of her liberty, and, no legal cause for such restraint appearing, the writ will be allowed and petitioner discharged.

Application of Gladys Vaught Self for writ of habeas corpus. Writ awarded, and petitioner discharged.

John B. Ogden, for petitioner.

DOYLE, J. This is an application for writ of habeas corpus filed in this court November 5, 1924, whereby Gladys Vaught Self seeks to obtain her discharge from the county jail of Carter county, on the ground that she

is illegally and without authority of law restrained of her liberty by Ewing C. London, sheriff of Carter county; that the cause of her restraint is that on the night of the 1st of November, 1924, petitioner was arrested by one W. W. Holder, who purports to be a deputy sheriff of Carter county at Dillard, in said county, saying that he was arresting her for disturbance of the peace; that no complaint had been filed and no warrant issued against her at that time; that said Holder took petitioner before one J. A. Cameron, justice of the peace of Wilson township, between 12 and 1 o'clock Sunday morning, and said justice of the peace pronounced judgment and sentenced petitioner to be confined in the county jail for 30 days and pay a fine of $25 and the costs; that said judgment was rendered on Sunday the 2d day of November, 1924, without complaint being filed, and no trial was had, no witness sworn or evidence offered; that said justice of the peace arbitrarily sentenced said petitioner without a hearing, and on her plea of not guilty.

Said petition is duly verified and is supported by the affidavit of Marion Fuller, constable of Wilson township and acting policeman in the city of Wilson, H. O. Bishop, Jack Haney, and D. T. Lane, who each aver and state that they were present when petitioner was brought before said justice of the peace; that it was past midnight on Sunday morning; and that upon her plea of not guilty, without hearing any testimony, said justice of the peace imposed sentence and committed petitioner to the county jail of Carter county.

On presentation of the petition a rule to show cause was entered why the writ of habeas corpus should not be awarded as prayed for was issued and made returnable November 8, 1924, and it was ordered that said petitioner be admitted to bail in the sum of $200, and upon the approval of the same the sheriff of Carter county was di-

rected to release petitioner during the pendency of this cause.

No answer, response, or return thereto has ever been made.

Section 428, Comp. Stats. 1921, requires that:

"The sheriff or other person to whom the writ is directed shall make immediate return thereof, and if he neglect or refuse, after due service, to make return, or shall refuse or neglect to obey the writ by producing the party named therein, and no sufficient excuse be shown for such neglect or refusal, the court shall enforce obedience by attachment."

Section 429 provides:

"The return must be signed and verified by the person making it, who shall state:

"First. The authority or cause of restraint of the party in his custody.

"Second. If the authority be in writing, he shall return a copy and produce the original on the hearing.

"Third. If he has had the party in his custody or under his restraint, and has transferred him to another, he shall state to whom, the time, place and cause of the transfer."

Section 430 provides that the petitioner may except to the sufficiency of or controvert the return or any part thereof, or allege any new matter in avoidance; the new matter shall be verified, except in cases of commitment on a criminal charge.

Section 431 is to the effect that upon the issues joined the court or judge shall proceed in a summary way and hear and determine the cause, and, if no legal cause be shown for the restraint or for the continuance thereof, shall discharge the petitioner.

The petition, duly verified on its face, shows that pe-

titioner, Gladys Vaught Self, on the date thereof was illegally confined in the county jail of Carter county, and, as the sheriff in whose custody she was confined has failed to make any return to the rule to show cause, or offer any excuse for failure so to do, the petitioner should be discharged.

While the court has ample power to enforce obedience to its order by an attachment, and require that the sheriff shall make a return to the rule to show cause, we are not required to do so, but may proceed to determine the cause upon the petition and its supporting affidavits.

From a consideration of the petition and affidavits attached thereto, it is obvious that said justice of the peace was without authority to render the judgment of conviction, and that said petitioner was on the date alleged unlawfully restrained of her liberty, and should be discharged.

It is therefore adjudged and ordered that said petitioner be discharged and her bond exonerated.

BESSEY, P. J., and EDWARDS, J., concur.