## Ex parte E. O. PRUITT.

No. A-5686.   Opinion Filed Aug. 3, 1925.
(238 Pac. 501.)

A. Hutchin, for petitioner.

DOYLE, J. The petitioner, E. A. Pruitt, filed his application for writ of habeas corpus in this court July 9, 1925, wherein he alleges that he is unlawfully imprisoned and restrained of his liberty in the city of Norman by Frank Boggs, sheriff of Cleveland county; that the cause of said restraint is that he is charged with the theft of an automobile in Grayson county, state of Texas; that the said sheriff of Cleveland county is holding said petitioner without any complaint having been filed or any warrant issued for petitioner's arrest; that said petitioner is not a fugitive from justice from the state of Texas.

On the presentation of the petition a rule to show cause was duly entered and issued and made returnable on July 13, 1925, and petitioner was admitted to bail in the sum of $1,000. No return thereto has ever been made. Section 428, C. S. 1921, provides:

"The sheriff or other person to whom the writ is directed shall make immediate return thereof, and if he neglect or refuse, after due service, to make return, or shall refuse or neglect to obey the writ by producing the party named therein, and no sufficient excuse be shown for such neglect or refusal, the court shall enforce obedience by attachment."

Section 429 provides:

"The return must be signed and verified by the person making it, who shall state:

"First. The authority or cause of restraint of the party in his custody.

"Second. If the authority be in writing, he shall return a copy and produce the original on the hearing.

"Third. If he has had the party in his custody or under his restraint, and has transferred him to another, he shall state to whom, the time, place and cause of the transfer.

"He shall produce the party on the hearing, unless prevented by sickness or infirmity, which must be shown in the return."

Section 430 provides that the petitioner may except to the sufficiency of or controvert the return, or any part thereof, with other provisions not necessary to here mention.

Section 431 is to the effect that upon the issues joined the court or judge shall proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint, or for a continuance thereof, shall discharge petitioner.

The petition, duly verified, on its face shows that petitioner, E. A. Pruitt, on the date thereof was illegally restrained of his liberty, and as the sheriff in whose custody he was restrained has failed to make any return, or offer an excuse for failure so to do, the petitioner should be discharged. While this court has ample power to enforce obedience to its orders of attachment, and require that the sheriff shall make return to its writ, we are not required to do so, but may proceed in a summary way to determine the cause upon the application.

Upon a consideration of the same, our conclusion is that petitioner was on the date complained of unlawfully restrained of his liberty, and should be discharged; and it is so ordered.

BESSEY, P. J., and EDWARDS, J., concur.