# Ex parte JOHN BROWN.

No. A.-7371.   Opinion Filed June 22, 1929.
(278 Pac. 671.)

Howard F. Wilson, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   This is an original petition for writ of habeas corpus, based on the following facts, as shown by the petition and rule to show cause why the writ should not issue:

It appears from the petition in this case that the petitioner, John Brown, a minor under the age of 16 years, was upon a complaint filed by Conception Bonilla, before Vancil K. Greer, county judge of Kingfisher county, arrested and brought before the county judge on the 30th day of June, 1928, and without aid of counsel waived a preliminary examination, and was held to answer to the district court for the offense of robbery. The clerk's minutes show that the defendant entered his plea of guilty and was held to the district court, and bond for appearance fixed at $1,000; that the defendant stated his age to be over 17 years. The minutes of the clerk show that the county judge, sitting as an examining magistrate, advised the defendant he was entitled to 24 hours to plead, and that he had a right to counsel. No testimony was taken at the preliminary examination, and the record does not show that defendant was under oath when he made the statement, as shown by the minutes of the court, that he was 17 years of age.

The record further shows that on July 20, 1928, an information was filed by the county attorney in the district court of Kingfisher county, charging the petitioner herein with robbery, and on the 21st day of July, 1928, the petitioner was brought into court and the information was read to him, and the court advised the defendant he was entitled to be represented by an attorney, and that he was entitled to 24 hours' time in which to plead to the information.

The record further shows that the defendant advised the court that he had no attorney and did not desire to be represented by one, and that he did not desire further time in which to plead to the information, and in open court waived further time to plead, and requested per-

mission of the court to enter his plea to the charge in the information at this time. The record further shows the request of petitioner was granted, his plea of guilty entered, and petitioner was sentenced by the court to serve a term of 8 years at the state reformatory, at hard labor, from the date of his delivery to the warden. The record shows the receipt of the petitioner by the warden of the reformatory.

It is averred in the petition that John Brown, at the time he entered his said plea of guilty, was of the age of 15 years. It is further averred his imprisonment in the state reformatory at Granite is unlawful, and that said restraint is illegal, for the reason that the district court of Kingfisher county had no jurisdiction at the time the judgment was pronounced and said sentence imposed on the said John Brown, and that no investigation was ever had before the county judge, Vancil K. Greer, sitting as a juvenile court, concerning the charge against him before the information in the district court of said county charging him with said crime was filed; that he was arraigned before the said county judge, sitting as an examining magistrate, on the 29th day of June, 1928, and waived preliminary hearing before said judge, and thereafter on the 21st day of July, 1928, in the district court of Kingfisher county, the said petitioner entered his plea of guilty to the said information theretofore filed against him, and was by said court sentenced to imprisonment in the Oklahoma state reformatory, at Granite, for a term of 8 years at hard labor.

Petitioner further alleges that his restraint is illegal and unauthorized, because at the time of the said conviction he was under the age of 16 years, and no hearing was had by the juvenile court of Kingfisher county, as provided

by sections 8070 to 8084 of the Oklahoma Statutes, 1921, and no determination was had by the said juvenile court that the said petitioner knew the wrongfulness of his acts. And petitioner further alleges that, by reason of the failure of the court to determine this fact, the said district court of Kingfisher county did not acquire jurisdiction over the petitioner and was without authority to sentence the said John Brown to imprisonment.

In habeas corpus proceedings jurisdictional questions only are to be considered. A writ cannot be invoked for the purpose of reviewing the actions of courts or officers, where they act within their jurisdiction, nor for the purpose of correcting irregularities or errors, or as a substitute for an appeal from a judgment of conviction. To entitle the petitioner to be released from imprisonment upon a writ of habeas corpus, it must appear that the court issuing the commitment has acted entirely without jurisdiction.

In this case the age of the petitioner is not disputed, and the only effort to dispute his age is a notation in the minutes of the clerk of the examining magistrate that the defendant stated he was 17 years of age. The question to be determined upon the undisputed evidence in this action is: Can the defendant, under the age of 16 years of age, make a statement binding upon him, and thereby waive his right to the statutory provisions requiring a defendant under age of 16 years to have a hearing before a juvenile court, to ascertain whether or not he understands the wrongfulness of his acts. The county judge, sitting as a magistrate, in making his finding did not find the petitioner was more than 16 years of age. The Attorney General has filed a demurrer to the petition and alleges:

"That the petition and the exhibits thereto attached and made a part thereof show upon their faces that the said petitioner is not entitled to the relief prayed for."

With this contention we cannot agree. The petition and exhibits attached thereto state sufficient facts to entitle the petitioner to the writ, and the demurrer is overruled. It has been held by this court that under the statute (sections 8070-8084, Comp. St. 1921), relating to juvenile courts and their jurisdiction and control over delinquent children, a child under 16 years of age cannot be guilty of the commission of a crime, except in cases wherein it is shown and determined by the juvenile court of the county wherein the crime is alleged to have been committed that such child knew the wrongfulness of his acts, at the time they were committed, and such a determination is a prerequisite to the jurisdiction of the district court to try a child under the age of 16 years upon an information charging a felony. Ex parte Bonitz, 30 Okla. Cr. 45, 234 Pac. 780.

In this case it is conceded that no proceedings were had before the juvenile court of Kingfisher county. The record shows conclusively that at the time the petitioner was arraigned he was under the age of sixteen years, and in this proceeding his age is not denied. In view of the fact that no proceeding was had before a juvenile court of Kingfisher county, it follows that the district court of Kingfisher county was without jurisdiction to render the judgment and sentence under which the petitioner is now held in custody by the warden of the state reformatory. We therefore conclude that the judgment and sentence of the district court of Kingfisher county in this case is illegal and void, and that the execution of the judgment and sentence deprived petitioner of his liberty without due process of law.

It is therefore adjudged and ordered that the petitioner, John Brown, be discharged from imprisonment under said judgment and sentence, and that he be returned to the custody of the sheriff of Kingfisher county to abide the action of the juvenile court of said county.

It is further ordered that said warden, in whose custody the prisoner is held, deliver him to the custody of the sheriff of Kingfisher county, who shall keep him in custody until discharged by law.

EDWARDS, P. J., and CHAPPELL, J., concur.