HERR, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (2) 26 R. C. L. p. 1062; 7 R. C. L. Supp. p. 911. See "Forcible Entry and Detainer," 26 C. J. §133, p. 861, n. 95. "Justices of the Peace," 35 C. J. §590, p. 847, n. 25. "Trial," 38 Cyc. p. 1548, n. 27.

## Ex parte BASS.

No. 20667. Opinion Filed Sept. 10, 1929.

Rehearing Denied Oct. 1, 1929.

J. R. Huggins, for petitioner.

CLARK, J. On August 24, 1929, E. W. Bass filed in this court his petition, wherein he alleged that he was illegally restrained of his liberty by J. J. Poteet, sheriff of Seminole county, state of Oklahoma, and prayed for a writ of habeas corpus to be directed to said sheriff.

On presentation of a petition the writ was issued and made returnable August 27, 1929, thereafter. No return thereto has ever been made. Section 428, C. O. S. 1921, requires that the sheriff, or other person to whom the writ of habeas corpus is directed, shall make immediate return thereto, and that if such officer neglect or refuse to make such return after due service, or shall refuse on neglect to obey the writ by producing the party named therein, and no sufficient excuse be shown for such neglect or refusal, the court shall order obedience by attachment.

Section 429, C. O. S. 1921, provides that the return must be signed and verified by the person making it, who shall state:

(1) The authority or cause of restraint of the party in his custody.

(2) If the authority be in writing, he shall return a copy and produce the original on the hearing.

(3) If he has had the party in his custody or under his restraint, and has transferred him to another, he shall state to whom, the time, place, and cause of the transfer.

He shall produce the party on the hearing, unless prevented by sickness or infirmity, which must be shown in the return.

Section 430, C. O. S. 1921, provides that the plaintiff may except to the sufficiency of or controvert the return or any part thereof, with other provisions, not necessary to here mention.

Section 431 provides:

"The court or judge shall thereupon proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint or for the continuance thereof, shall discharge the party."

The petition, fully verified on its face, shows that E. W. Bass was illegally confined in the county jail of Seminole county, Okla., and as the sheriff in whose custody he was confined has failed to make any return or offer any excuse for failure so to do, the petitioner should be discharged.

While this court has ample power to enforce obedience to its order by attachment, and require that the sheriff shall make the return to writ, we are not required to do so, and may proceed in a summary way to determine the verified and undenied petition.

From a consideration of the petition and numerous exhibits attached thereto, it is obvious that the petitioner was, on the date complained of, unlawfully restrained of his liberty and should be discharged, and it is so ordered.

MASON, C. J., LESTER, V. C. J., and RILEY, CULLISON, and ANDREWS, JJ., concur. HUNT, HEFFNER, and SWINDALL, JJ., absent.

Note.—See "Habeas Corpus," 29 C. J. § 172. p. 155, n. 87.