Ex parte FRED H. REILY.

No. A-9222.    Nov. 25, 1936.
(62 Pac. [2d] 1035.)

218

George F. Short, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, for the State.

EDWARDS, P. J. This is an original proceeding in habeas corpus. Petitioner alleges he is unlawfully restrained by the sheriff of Pottawatomie county on a judgment of direct contempt imposed by the district judge. That such judgment is a denial of a constitutional right to be heard before the imposing of punishment. This court issued a writ directed to the sheriff returnable November 24, 1936. No return has been filed.

The transcript of the proceedings showing that petitioner, as an attorney, was engaged in a trial at the time of the contempt adjudged is in part as follows:

"By Mr. Monnet: Q. But you had your ten thousand dollars, didn't you? Mr. Fred H. Reily: We object as repetition. The Court: Sustained. Mr. Reily: Trying to brow-beat this old gentleman, this witness. (Whereupon the jury was excused from the courtroom, and the following proceedings were had in the absence of the jury.) The Court: I hope that I am personally not getting to the point— Mr. Reily: If the court please, if I said anything I would like to withdraw it from the record, if I said anything I ought not to, and I apologize to the court for anything I have said. The Court: The court does not feel that it can accept your apology. I want to say, Mr. Reily, that I hesitate, being a young man as I am, to criticize members of the bar that have been here much longer than I have, but it has come to the place in conducting this court that it is necessary that I adopt some measures of

stopping such practice. Counsel knows, being an experienced member of the bar, that such remarks are highly prejudicial, improper and contemptuous. That is the reason I say I hope I am not letting my personal feelings get away with me, but I have taken just about all I can take as presiding Judge in conducting this trial. For that reason the court finds you guilty of contempt and fines you $25. Mr. Reily: I want time to sue out a writ of habeas corpus with the Criminal Court of Appeals. The Court: Counsel is ordered and directed at this time to pay the $25. Mr. Reily: I refuse to pay it, and I will sue out a writ of habeas corpus. I had an absolute right to make my record. The Court: Counsel is remitted (sic) to the county jail for the further period of 24 hours."

It is doubtful if any contempt is shown. If so, it must be for some extraneous reason not apparent on the face of the transcript. This occurred November 7th. The written commitment was not filed until November 9th.

It is the duty of the officer to whom a writ or rule to show cause is issued to make return. Section 689, Okla. St. 1931. When no return is filed, the court may discharge petitioner. Ex parte Pruitt, 31 Okla. Cr. 294, 238 Pac. 501; Ex parte Owens, 37 Okla. Cr. 118, 258 Pac. 758; Ex parte Bass, 139 Okla. 31, 280 Pac. 824.

The transcript discloses that punishment was imposed without petitioner being given an opportunity to be heard. This right to be heard is constitutional. Article 2, § 25, Const., section 13437, Okla. St. 1931; Ex parte Sullivan, 10 Okla. Cr. 465, 138 Pac. 815, Ann. Cas. 1916A, 719; Pryor v. State, 48 Okla. Cr. 91, 290 Pac. 345. The denial of this right goes to the jurisdiction to assess punishment. When this right is denied, the court has no jurisdiction to enter judgment, and if he attempts to do so, his act is void and the person imprisoned under such judgment may have his conviction inquired into in a habeas corpus

proceeding. Ex parte Sullivan, supra; Ex parte Brown, 43 Okla. Cr. 339, 278 Pac. 671.

There is a further reason why petitioner should be discharged. The law requires the commitment issued on a judgment for contempt shall set forth the substance of the offense. Section 1959, Okla. St. 1931. Ex parte Dawes, 31 Okla. Cr. 397, 239 Pac. 689. The commitment here makes no pretense of stating the substance of the offense.

The judgment entered is void, and the commitment is void. The writ is awarded, and the petitioner is discharged.

DAVENPORT and DOYLE, JJ., concur.