# WESLEY D. MURPHY v. STATE.

No. A-9121. April 23, 1937.
(67 Pac. [2d] 978.)

L. E. Roseboom and Charles Swindall, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error was by information charged with assault with a dangerous weapon, was convicted, and sentenced to be confined in the county jail for one year. The record was properly saved, and the defendant has appealed to this court.

The evidence on behalf of the state, in brief, is that the defendant was a married man living in the neighborhood of Enid or Garber, and was working in the oil field; in the afternoon before the trouble the next morning, the defendant was going to Garber and met Thomas H. Conyers in a car accompanied by the defendant's wife. It is shown the defendant went on to Garber and got something

to eat and while in Garber saw his step-children, the children of his wife whom he had seen with Conyers, and asked them if they wanted something to eat, and they said they did not, that they had had their dinner; he returned to his work, and as his wife did not return home, he started out to see if he could find her early the next morning and went to the home of Conyers, and finally succeeded in getting him to come out of the house; the defendant says he asked where his wife was and Conyers told him he did not know anything about his wife, that he had not seen her for three or four days, and the defendant then told Conyers that he had seen him driving with his wife the afternoon before near Garber; Conyers told him he must be mistaken, and then told him that he could take care of his wife better than the defendant could, and a fight started.

The defendant claims that Conyers picked up a piece of pipe about 18 inches in length and struck him on the shoulder with it, and he knocked Conyers down, and as Conyers had the pipe in his hand he got his pistol and used the butt as a club and knocked Conyers down, and knocked the pipe out of his hand, and then pitched the pistol back in the car and knocked Conyers down two or three times with his fists until Conyers said he had enough; that when the fighting ceased they went to the well and washed the blood off, the defendant pumping the water to wash the blood off of Conyers, and Conyers pumping the water for the defendant to wash the blood off. Prior to the time of the trial Conyers died, but the state does not claim that the fight that the defendant had with the deceased had anything to do with his death, and the court so instructed the jury. There is no contradiction in the testimony that the fight took place as stated by the defendant.

The foregoing is the substance of all the testimony.

The defendant assigns seven errors alleged to have been committed by the trial court. The third and fourth assignments are as follows:

"3. The verdict of the jury is contrary to law.

"4. The verdict of the jury is contrary to the evidence."

The court in its instructions advised the jury that the defendant had a right to go to the home of Conyers to inquire about his wife, and that Conyers under the law was not warranted in assaulting the defendant, if the jury believed from the evidence that he struck defendant first.

The only question submitted to the jury by the court was the question of whether or not the evidence convinced the jury beyond a reasonable doubt of the defendant's guilt of the crime charged in the information, of assault with a deadly weapon. The court also instructed the jury that if they failed to be convinced beyond a reasonable doubt that the defendant was guilty of assault with a dangerous weapon, they would be warranted in considering the question as to the guilt or innocence of the defendant of assault and battery.

It is argued by the defendant, and with great force, that the defendant committed no crime when he engaged in a fight with Conyers, the party alleged to have been assaulted, for the reason that the testimony of the defendant shows that Conyers struck the defendant first. It is clear from the testimony that the defendant did not make an unlawful and felonious assault on Thomas H. Conyers with a dangerous weapon with intent to do him great bodily harm, as the testimony discloses that the defendant had a pistol and if he had intended, as charged

in the information, to assault Conyers with the purpose of doing him great bodily harm, he had an opportunity to shoot him but did not do so or try to do so.

There is no competent testimony to sustain a charge of assault with a dangerous weapon, but there is sufficient evidence to sustain a charge of assault and battery.

It is not difficult to understand how this defendant felt when he went to the home of Conyers looking for his wife who had not returned home during the night, and had not accounted for her whereabouts after the defendant had seen her driving with Conyers the afternoon before the fight the next morning. Many men would have shot Conyers.

The punishment inflicted upon the defendant is excessive and should be modified. Under the authority granted this court by section 3204, O. S. 1931 (22 Okla. St. Ann. § 1066), the judgment of the trial court is modified from assault with a deadly weapon to assault and battery, and the punishment imposed is modified from one year in the county jail to 30 days in the county jail, and as modified the judgment is affirmed.

BAREFOOT, J., concurs. DOYLE, J., absent, not participating.