Ex parte THOMAS HERSHAL BURNS.

No. A-9580.    Oct. 21, 1938.
(83 P. 2d 610.)

Kenneth B. Kienzle, of Shawnee, for petitioner.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

PER CURIAM. This is an original petition for a writ of habeas corpus wherein the petitioner, Thomas Hershal Burns, alleges he is unlawfully imprisoned and

restrained of his liberty by Elza Evans, sheriff of Pottawatomie county, Oklahoma, and the jailer of said Pottawatomie county.

That the cause of said restraint according to the best knowledge and belief of your petitioner is: That he was taken before Judge Leroy Cooper, and informed that he had convicted himself and that he was guilty of public drunkenness; that said judge thereupon sentenced him to 20 days in the county jail and to pay a fine of $25, and all cost of the prosecution in the district court of Pottawatomie county, Okla., in case No. 4195, in which he was tried and acquitted by a jury on a charge of drunken driving.

Petitioner further alleges that said restraint is illegal and unauthorized in that your petitioner is restrained of his liberty and unlawfully imprisoned; that the crime of drunkenness is a misdemeanor; that your petitioner was never tried in a justice of the peace court, or any court of proper jurisdiction for the crime for which he is imprisoned; that your petitioner was never allowed to plead to any regularly filed charge; that your petitioner was never allowed bail and was not allowed a jury trial; that he has been deprived of his constitutional rights; that if he had been regularly charged with the crime for which he is imprisoned he would have pleaded former jeopardy, and he now pleads former jeopardy, in that he was duly charged, tried and acquitted by a jury in Pottawatomie county, Okla., in the district court, in case No. 4195 on the district court docket. That the statute forbids a prosecution twice for the same offense.

Upon the filing of a sworn petition this court issued a rule to show cause on the 14th day of October, 1938, returnable on the 18th day of October, 1938, at 10 o'clock a.m., in the courtroom of the Criminal Court of Appeals of the state of Oklahoma, Capitol Building, Oklahoma City,

Oklahoma; which rule was duly served on Elza Evans, sheriff of Pottawatomie county, Okla.

At ten o'clock a.m., on the 18th day of October, 1938, the day the rule was made returnable, the petitioner, together with his counsel, Kenneth B. Kienzle, attorney at law, Shawnee, Okla., appeared, and the Attorney General appeared by his assistant, Jess L. Pullen; no response was filed by the sheriff, and no reason given why the response was not filed. The court proceeded to examine the petition, taking testimony of the petitioner in open court, and heard the argument of counsel for petitioner, and the case was regularly submitted.

It is the universal holding of this court that facts duly alleged in a sworn petition for a writ of habeas corpus and not denied by the respondent are considered as admitted and must be taken as true.

In Ex parte Wood, 58 Okla. 278, 159 P. 483, the Supreme Court held that where an officer, charged with an unlawful restraint, neglects to make a return to a writ of habeas corpus, and the petition duly verified on its face shows that the petitioner is by said officer illegally restrained of his liberty, no legal cause for the restraint appearing, such petitioner is entitled to his discharge.

In the opinion it is said:

"While the court has ample power to enforce obedience to its order by attachment, and require that the sheriff shall make a return to the writ, we are not required to do so, but may proceed in a summary way to determine the cause upon the verified and undenied petition."

In Ex parte Pruitt, 31 Okla. Cr. 294, 238 P. 501, this court held:

"In a habeas corpus proceeding, where an officer charged with an unlawful restraint neglects to make a return to a rule to show cause why the writ should not issue, and the petition, duly verified on its face, shows that

the petitioner is by said officer illegally restrained of his liberty, no legal cause for the restraint appearing, such petitioner is entitled to his discharge."

In Whitten v. Tomlinson, 160 U.S. 231, 16 S. Ct. 297, 40 L. Ed. 406, and in Kentucky v. Powers, 201 U.S. 1, 34, 26 S. Ct. 387, 50 L. Ed. 633, 648, 5 Ann. Cas. 692, it is held that in a petition duly verified for a writ of habeas corpus "facts duly alleged and not denied are admitted true." To the same effect is Matter of Depue, 185 N.Y. 60, 68, 77 N.E. 798, 800.

In Ex parte O'Connor, 80 Cal. App. 647, 252 P. 730, in the seventh paragraph of the syllabus it is held:

"In habeas corpus proceeding, where matters included in petition are not denied in return, they are considered as admitted and must be taken as true." Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758.

For the reasons herein stated, the writ is awarded and petitioner discharged.