Ex parte WESLEY D. MURPHY.

No. A-9367. Nov. 25, 1938.

(84 P. 2d 806.)

L. E. Roseboom, of Enid, and Charles Swindall, of Oklahoma City, for petitioner.

BAREFOOT, J. The petitioner, Wesley D. Murphy, filed his petition for writ of habeas corpus in this court on July 21, 1937, alleging that he was unlawfully imprisoned and restrained by the sheriff of Garfield county, and that such illegal restraint and imprisonment is in default of the payment of costs in a certain criminal action pending in said county, in which said defendant was found guilty of assault with a dangerous weapon, and his punishment assessed at one year in the county jail, and that an appeal was had to the Criminal Court of Appeals of this state, and the judgment and sentence was by this court reduced to 30 days in the county jail of Garfield county. See Murphy v. State, 61 Okla. Cr. 284, 67 P. 2d 978. That the mandate of this court has issued to the district court of Garfield county, and that defendant has served his full judgment and sentence in accordance with said mandate. Upon the filing of this petition an order was entered and served directing the sheriff of Garfield county to appear before this court on the 7th day of September, 1937, and show cause, and the manner of custody of said petitioner. It was ordered that petitioner be admitted to bail in the sum of $500. No return thereto has ever been made.

It is provided by Oklahoma Statutes 1931, section 689, Okla. St. Ann. tit. 12, § 1338, as follows:

"The sheriff or other person to whom the writ is directed shall make immediate return thereof, and if he neglect or refuse, after due service, to make return, or shall refuse or neglect to obey the writ by producing the party named therein, and no sufficient excuse be shown for such neglect or refusal, the court shall enforce obedience by attachment."

The sections of the statute following the above provide for the procedure to be followed in making the response, and the hearing to be had by the court. In construing the above statutes, this court has universally held that where the officer fails to make a return or re-

sponse, and offers no excuse for failure so to do, the petitioner should be discharged. Although the court has ample power to enforce its order by writ of attachment, and require the sheriff to make return to its writ, we are not required to do so, but may proceed in a summary way to determine the cause upon the application. Ex parte E. A. Pruitt, 31 Okla. Cr. 294, 238 P. 501; Ex parte Robert Lewis, 52 Okla. Cr. 124, 3 P. 2d 242; Ex parte Bass, 139 Okla. 31, 280 P. 824; Ex parte Self, 29 Okla. Cr. 345, 233 P. 783; Ex parte Wood, 58 Okla. 278, 159 P. 483.

Upon due consideration of the petition our conclusion is that petitioner was on the date complained of unlawfully restrained of his liberty, and should be discharged; and it is so ordered.

DAVENPORT, P. J., and DOYLE, J., concur.