**Max COOK, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14059.**

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1967.

Rinehart, Rinehart & Rinehart, Jim A. Rinehart, El Reno, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal from a citation for direct contempt of court. On June 24, 1966 when the citation was made in the district court of Comanche County, Mr. Max Cook was serving as legal counsel for the Oklahoma State Highway Department. During the preceding day, because of what the judge considered to be improper conduct, which might have prejudiced the jury in a case being tried, and in which Mr. Cook was serving as counsel, the Honorable District Judge declared a mistrial. After the jury had left the court room, the judge admonished the attorneys, and particularly Mr. Cook. He then instructed that the attorneys return to the court room the next day, and "conduct themselves as attorneys should conduct themselves in the trial of a case and help the court to administer justice".

The following morning the district judge cited attorney Cook for direct contempt of court, and assessed him with a $200 fine, and placed him in the custody of the sheriff until the fine was paid. When the attorney asked what his bail might be set at, the judge set bail in the amount of $500, but retained him in the custody of the sheriff until bail was posted. Bail was immediately posted, and the attorney was released.

The matter was set down for hearing in this Court for October 11, 1967. On that date, the Attorney General admitted the validity of plaintiff in error's first proposition. With that admission, the matter was submitted for decision.

Plaintiff in error sets forth his first proposition as follows:

"No where in his 'Order for Confinement' did the Court set forth the facts or substance of facts on which direct contempt was based. Therefore, the

Court was without jurisdiction to adjudge direct contempt and the judgment is void."

Title 21 O.S.A. (1961) § 568, provides: "Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court."

In support of his proposition, plaintiff in error cites Ex parte Dawes, 31 Okl. Cr. 397, 239 P. 689; and Ex parte Reily, 60 Okl.Cr. 217, 62 P.2d 1035, both of which fully support plaintiff's position. Also, in view of the Attorney General's admission of the proposition, we find it unnecessary to discuss the matter at length.

We are therefore of the opinion the citation for direct contempt of court issued against Mr. Max Cook on June 24, 1966, by the Honorable John P. Fullerton, district judge of Comanche County, should be and the same is reversed; and the district court of Comanche County is hereby ordered to direct the court clerk of that court to expunge the record of said citation, to discharge the bail, and exonerate plaintiff in error's bond.

Citation for direct contempt of court reversed.

NIX, P. J., and BUSSEY, J., concur.