James Wayne BUSBY, Jr., Plaintiff in Error,

v.

The STATE of Oklahoma ex rel. Ben LaFON, Judge of the Court of Common Pleas, Defendant in Error.

No. A–14574.

Court of Criminal Appeals of Oklahoma.

Jan. 15, 1969.

Barney W. Miller, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Glenn E. Ricks, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

James Wayne Busby, Jr., hereinafter referred to as defendant, was sentenced in the Court of Common Pleas of Oklahoma County for the offense of Direct Contempt of Court.

At the non-jury hearing, conducted by the Honorable Judge Ben LaFon, the evidence established that the defendant, after having entered a plea of guilty to the offense of Reckless Driving, was sentenced by the court to pay a fine of $60.00 and costs. The defendant requested that he be permitted to go across the street where his mother worked and get additional money with which to pay the fine, stating as he did so that he did not have enough money with him to pay the fine. The Judge replied that he could not and summoned the bailiff to conduct the defendant to the county jail, there to be confined in lieu of the fine and costs. The defendant remained seated in the judge's chambers for approximately one minute, after the judge directed that he be taken to the county jail, whereupon, the judge directed the defendant to accompany the bailiff to the jail. They left the judge's chambers, proceeded down the hall to the elevator, some 60 feet from the chambers, where, instead of accompanying the bailiff to the jail, the defendant ran down the stairway advising the bailiff as he did so that he was going to see his mother across the street. The defendant informed his mother of what had transpired and she telephoned the judge in his office. The defendant did not return to court, but surrendered himself to the Assistant District Attorney some six days later. He was

then taken before Judge LaFon, who set bond on the contempt citation in the sum of $2,500.00 and gave the defendant time within which to employ and consult with counsel. The hearing on the contempt citation was conducted on the following day, at the conclusion of which the court entered the following order:

"CONVICTION AND JUDGMENT

In the COMMON PLEAS Court of Oklahoma County, State of Oklahoma.

The State of Oklahoma, Plaintiff, ⎫ JUDGMENT & SENTENCE
vs. ⎬
JAMES WAYNE BUSBY JR., Defendant ⎭ No. T. 1099

Now, on this 31 day of August, 1967, the same being a judicial day of the above Court, and the time appointed for judgment in the above entitled cause, and said cause coming on for judgment, and the prisoner, JAMES WAYNE BUSBY JR., being personally in open court, and having been legally charged with the offense of DIRECT CONTEMPT OF COURT and having been duly arraigned thereon, and having pleaded NOT guilty and having been duly and legally tried and convicted of said offense, in said Court, the prisoner is now informed of the nature of the charge, of his plea and of the verdict, and is asked by the Court whether he has any legal cause to show why judgment and sentence should not be pronounced against him, and non [sic] appearing in the Court, the Court does now hereby adjudge and sentence the said JAMES WAYNE BUSBY JR for the said offense by him committed.

It is therefore considered, ordered and adjudged by the Court that the defendant JAMES WAYNE BUSBY JR pay a fine of NONE (Dollars ($ NONE), and be imprisoned in the County Jail of the County of Oklahoma, for a period of 30 days from August 31, 1967, and that he pay the costs herein, taxed at $17.90, and in default of the payment of the costs and fine herein, he be further imprisoned in said County Jail for a period not exceeding one day for every $1.00 of costs and fine herein, or the said time to be served on the County Roads of Oklahoma County.

It is further ordered by the Court that the Sheriff of said County immediately proceed to transport the defendant from the court room to the County Jail as aforesaid, and safely keep this defendant confined or on the roads as herein set forth, and the Clerk of this Court make and deliver immediately to said Sheriff, a certified copy of this judgment and sentence, which will be sufficient warrant and authority for the confinement and detention of said defendant, until the expiration of imprisonment of said judgment and sentence.

Attest:

/s/ BEN LA FON
_____
Judge

(SEAL)
DALE SMITH, Court Clerk.
By /s/ ROBERT M. MARTIN
_____
Deputy."

After notice of intent to appeal to this Court was duly made, bond was set in the sum of $1,000.00. The direct contempt proceedings were instituted under the authority of 21 O.S. § 565, the same providing:

"Contempts of court shall be divided into direct and indirect contempts. Direct contempts shall consist of disorderly or insolent behavior committed during the session of the court and in its immediate view, and presence, and of the unlawful and wilful refusal of any person to be sworn as a witness, and the refusal to answer any legal or proper question; and any breach of the peace, noise or disturbance, so near to it as to interrupt its proceedings, shall be deemed direct contempt of court, and may be summarily punished as hereinafter provided for. Indirect contempts of court shall consist of wilful disobedience of any process or order lawfully issued or made by court; resistance wilfully offered by any person to the execution of a lawful order or process of a court."

Counsel for defendant correctly contends that under the record here presented the alleged misconduct of the defendant was outside the presence of the court and as such, does not fall within the definition of direct contempt as set forth above. It is abundantly clear from the record that the judge was in his chambers when the defendant fled down the stairs, some 60 feet away and outside the presence and hearing of the judge, and there was no loud noises or commotion sufficient to constitute a disturbance of the peace in the presence and hearing of the court. It is thus abundantly clear that the order entered by Judge LaFon was a nullity.

Moreover, we observe that the order of the court as set forth above did not set forth with particularity the facts constituting the direct contempt. Title 21 O.S. § 568 is as follows:

"Whenever a person shall be imprisoned for contempt the substance of the offense shall be set forth in the order for his confinement, and made a matter of record in the court."

This statute has been uniformly construed since the early cases of 1918, wherein the following syllabus appears in the case of Cress v. State, 14 Okl.Cr. 521, 173 P. 854:

"Proceedings in contempt must be based upon facts from which a clear deduction of guilt can be established. The judgment of a court imposing fine or confinement, or both, upon a person charged with contempt, must disclose the necessary facts upon which a judgment for contempt can rest; otherwise, the person penalized will be entitled to a discharge."

See also Young v. State, Okl.Cr., 275 P.2d 358 and Deskins v. State, 62 Okl.Cr. 314, 71 P.2d 502.

For all the reasons above set forth, the judgment and sentence is reversed with instructions to dismiss.

BRETT, P. J., and NIX, J., concur.