W. B. WARD, Jr., Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18148.

Court of Criminal Appeals of Oklahoma.

Aug. 9, 1973.

George Thompson, Ada, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. Delashaw, Legal Intern, for appellee.

OPINION

BLISS, Presiding Judge:

In the District Court of Pontotoc County, Case No. CRM–73–125, appellant, W. B. Ward, Jr., was convicted for the offense of Direct Contempt of Court. His punishment was fixed at ten (10) days in jail, suspended, and he was assessed a fine of two hundred and fifty dollars ($250), and he appeals.

As this case requires reversal, a detailed statement of facts is unnecessary. Suffice it to say that on February 7, 1973, appellant appeared in chambers before the Honorable Lee R. West representing a client. At that appearance and during a hearing, defense counsel disagreed with the trial court's interpretation of events which transpired on a prior date. An argument ensued with appellant making improper comments in the judge's presence.

In appellant's second proposition and assignment of error he submits his conviction should be reversed as no judgment of the court was entered setting forth the necessary facts upon which a judgment for contempt can rest. We agree with appellant's interpretation of the rule.

Title 21 O.S.1971, § 568, states as follows:

"Whenever a person shall be imprisoned for contempt the substance of the offense, shall be set forth in the order for

his confinement, and made a matter of record in the court."

In construing the above statute in Busby v. State ex rel. LaFon, Okl.Cr., 449 P.2d 718 (1969) this Court stated as follows in Syllabus 3:

"Proceedings in contempt must be based upon facts from which clear deduction of guilt can be established. The judgment of a court imposing fine or confinement, or both, upon person charged with contempt, must disclose the necessary facts upon which a judgment for contempt can rest, otherwise person penalized will be entitled to discharge."

In light of the judicial interpretation in Busby, supra, the above statute has been clearly interpreted to mandate the trial court, in writing, to enter an order which specifically sets forth facts and grounds upon which a contempt conviction can rest. Since the trial court did not make the order a part of the record in the instant case, appellant is entitled to discharge. See also Cook v. State, Okl.Cr., 434 P.2d 501 (1967).

In our above holding we are not unmindful of the decision of Roselle v. State, Okl.Cr., 503 P.2d 1293 (1972). In this decision this Court passed upon a contempt conviction in which criminal contempt was categorized as a misdemeanor. In so holding, this Court held the appeal was out of time and consequently appellant failed to gain jurisdiction in this Court. Incidentally, in deciding Roselle, supra, this Court under authority of Baker v. State, Okl.Cr., 496 P.2d 1195 (1972) stated the record was also defective in that it did not include a judgment and sentence for contempt of court. In deciding the instant case, we reaffirm the rule set forth in Roselle, supra. In so doing we clarify the rule to state that if a written judgment and sentence or order is entered by the trial court and not designated as a part of the record in compliance with 22 O.S.1971, Chapter 18, rule 2.7, the attempted appeal

of the contempt conviction will not invoke this Court's jurisdiction. However, Roselle, supra, is not to be construed to permit the trial court not to prepare a formal order and consequently escape having this Court review judgment for a contempt conviction. Appellant in the instant case designated the entire record for the appeal. Since 21 O.S.1971, § 568, requires the court enter an order in the nature of a judgment and sentence, counsel in his designation of record was entitled to rely upon the trial court including in the record the order required by statute. Consequently, an order or judgment and sentence was properly designated in this appeal and Roselle, supra, is not to be applied in regard to the application of the above court rule in the instant situation. To the extent the language in Roselle, supra, is inconsistent with this opinion in regard to the application of 22 O.S.1971, Chapter 18, rule 2.7, it is expressly overruled.

In conclusion, we make one further observation and directive. Appellant in the instant case is an attorney of experience and distinction and has been so for a number of years. The comments made by counsel, in the court's presence, were unprofessional, in bad taste, and quite obviously improper. We note further, however, the practice of law often draws an adversary to the limit of his tolerance and in so doing he may be drawn beyond his personal professional standards. Consequently, under the circumstances in the instant case, we feel appellant should be permitted to purge himself of the above contemptuous conduct with an apology in open court.

Appellant's conviction for Direct Contempt of Court is hereby reversed and remanded to be disposed of in a manner not inconsistent with the above language.

BRETT, Judge (specially concurring):
I concur in this decision and especially with that part which provides "to the extent the language in Roselle, supra, is in-

consistent with this opinion in regard to the application of 22 O.S.1971, rule 2.7, it is expressly overruled." My view is that *Roselle,* supra, should be specifically overruled. Likewise, I specifically refer to that part of the decision which states "However, *Roselle,* supra, is not to be construed to permit the trial court to not prepare a formal order and consequently escape having this Court review judgment for a contempt conviction." That is essentially what I was attempting to set forth in my dissent to *Roselle,* supra. That order referred to constitutes the judgment and sentence, as provided for in the statutes. Therefore, I concur.