[S. F. No. 4193.　In Bank.—October 12, 1905.]

# H. G. OTIS, and HARRY CHANDLER, Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

CONTEMPT—JURISDICTION—CERTIORARI.—A judgment of conviction of contempt of court is subject to review upon *certiorari* only upon the point of jurisdiction; but the jurisdiction of the court in a contempt proceeding is strictly limited, and its judgment will be held invalid unless the record of conviction shows upon its face that the matter charged was within its jurisdiction.

ID.—CRITICISING GRAND JURY IN NEWSPAPER—PUBLICATION BY CORPORATION—INSUFFICIENT AFFIDAVIT AGAINST OFFICERS.—Where the alleged contempt consisted of acts not done in the presence of the court, by publication of articles in a newspaper published by a corporation criticising the proceedings of the grand jury in respect of matters then under investigation, an affidavit merely stating that one of the defendants was the president and general manager of the corporation, and that the other defendant was its vice-president and assistant general manager, without charging that they personally caused, or being in control permitted, the publication of the articles, is insufficient to connect them with the publication, or to sustain a judgment of conviction against them, and the judgment will be annulled upon *certiorari*.

CERTIORARI to review the judgment of the Superior Court of Los Angeles County convicting petitioners for contempt.

The facts are stated in the opinion of the court.

Hunsaker & Britt, for Petitioners.

J. D. Fredericks, and Hartley Shaw, for Respondent.

BEATTY, C. J.—This is a petition for the writ of *certiorari* to bring up for review the judgment of the superior court convicting the petitioners of a contempt, alleged to have been committed by the publication in successive issues of the Daily Times, a newspaper published in Los Angeles, of a series of articles criticising the proceedings of the grand jury in respect to matters then under investigation. The petition sets out very fully all of the proceedings in the matter of the alleged

CXLVIII Cal.—9

contempt, and the question as to the validity of the judgment of the superior court has been submitted on general demurrer to the petition.

There are some propositions included in the case that have been so often decided and are so entirely unquestioned by counsel that they may be briefly stated without any citation of authority. Every court is the exclusive judge of its own contempts, and its judgment is subject to review only upon the point of jurisdiction. But every court in a contempt proceeding exercises a strictly limited jurisdiction, and its judgment convicting of a contempt is invalid, unless the record of the conviction shows upon its face that the matter charged was within its jurisdiction. If the contempt consists of acts done in the immediate view and presence of the court, the judgment must contain a recital of the acts, and must show by its recitals that they were committed in the presence of the court by the party charged, and the acts must come within the legal definition of a contempt. If, as in the present case, the alleged contempt consists in acts not done in the immediate view and presence of the court, it is essential to the jurisdiction that the affidavit upon which the citation is issued should contain everything that in the other case must be recited in the judgment; for nothing can be proved that is not charged, and if the affidavit is materially defective the judgment founded upon it must necessarily be equally defective.

The contention of the petitioners is that the affidavit upon which they were cited to show cause why they should not be punished is materially and fatally defective in failing to allege that they were the publishers of the articles which were found to have constituted a contempt of the court. No very serious attempt is made by counsel to combat the careful and able opinion of the respondent in support of his conclusion that the articles in question did constitute a contempt. but they do show that the affidavits failed to connect the petitioners with the publication either by direct averment that they were the publishers, or by any statement of fact leading necessarily to that conclusion. The affidavits, after setting out the articles complained of, and showing that on certain dates they were published in the Los Angeles Daily Times, contained the following averments: "Affiant further says that he is in-

formed, and so alleges it to be a fact, that H. G. Otis is the president and general manager of the Times Mirror Company, the publishers and printers of the said Los Angeles Daily Times, and that he was such president and general manager at all of the times herein mentioned, and that Harry Chandler is the vice-president and assistant general manager of said Times Mirror Company, and that he was such vice-president and assistant general manager at all of the times herein mentioned.'' This was not sufficient. An officer of a corporation is not criminally answerable for any act of a corporation in which he is not personally a participant, and it does not follow as a legal conclusion that the manager or assistant manager of a corporation engaged in the publication of a daily newspaper acts at all times, or even at any time, as its editor. To make the petitioners liable in contempt for matter appearing in the Times, it was necessary to show, and therefore essential to charge, that they personally caused, or, being in control, at least permitted, the publication of the articles in question.

On the legal propositions involved in the case it is, as above intimated, superfluous to cite authority; but we refer to two of our most recent decisions: *Rogers* v. *Superior Court,* 145 Cal. 88, [78 Pac. 344]; *Hutton* v. *Superior Court,* 147 Cal. 156, [81 Pac. 409].

The judgment convicting the defendants of contempt is hereby annulled.

McFarland, J., Henshaw, J., Van Dyke, J., and Angellotti, J., concurred.

Shaw, J., did not participate in the decision of the case.