Crites v. State.

ALBERT W. CRITES v. STATE OF NEBRASKA.

FILED OCTOBER 19, 1905.   No. 14,253.

1. **Contempt: REVIEW.** A judgment in a summary proceeding for contempt *in facie curiæ*, where no complaint is filed, no evidence is taken, and no trial had, may be reviewed on the record made therein without the filing of a motion for a new trial.

2. ——: **PRESUMPTIONS.** Presumptions and intendments will not be indulged in, in order to sustain convictions for contempt of court. *Hawes v. State*, 46 Neb. 149.

3. ——: **RECORD.** The record in such a case must show forth the facts constituting the offense. A mere recital that the defendant is guilty of contemptuous and insolent behavior toward the court, and is in contempt of court, where the record of the proceedings does not warrant such recital, is a mere conclusion, and is insufficient to show that the offense was in fact committed.

ERROR to the district court for Dawes county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*Albert W. Crites, pro se.*

*Norris Brown, Attorney General,* and *W. T. Thompson, contra.*

BARNES, J.

The plaintiff in error, Albert W. Crites, while engaged as counsel for the defendants in the trial of a civil action in the district court for Dawes county, was summarily and without trial adjudged to be guilty of a contempt of court, alleged to have been committed in the presence of the presiding judge, and he was thereupon sentenced to pay a fine of $10 and costs, and to stand committed until said fine and costs were paid. A stay of proceedings was denied him, and his request to be permitted to make a showing and a defense in said proceeding was refused, and he was thereupon committed to, and confined in, the common jail of the county until he obtained an order from this court suspending the execution of his said sentence. By a petition in error he now asks for a reversal of the judgment thus pronounced against him.

The state contends, at the outset of this controversy, that we cannot consider the errors assigned by the plaintiff, because no motion for a new trial was filed in the court below. To support this contention the attorney general cites *Zimmerman v. State,* 46 Neb. 13. An examination of that case discloses that Zimmerman was tried and found guilty of a constructive contempt of court for the violation of an injunction order in a civil case. It appears that a complaint was filed therein; that witnesses were examined on the hearing, and a regular trial was had; that on error to this court it was held that the questions arising on the trial were the only ones that must be included in a motion for a new trial. It was said in the opinion:

Crites v. State.

"There was no motion for new trial filed in this case, hence we cannot review any of the errors assigned which are alleged to have been committed during the trial."

The contempt in that case was committed outside of the presence of the court, and was investigated as any other complaint, where witnesses are examined and a regular trial had. It was said that in such a case a motion for a new trial must be filed, directing the attention of the district court to the errors claimed to have been committed during the trial, but it is fairly inferable from the whole opinion that no motion for a new trial would be necessary to raise the questions presented by the record in a case where no trial was ever had. It appears in the case at bar that the plaintiff was never tried for the alleged contempt; that no evidence was taken; that he was accorded no defense or explanation, and that judgment was thus summarily pronounced against him; and it would seem absurd to hold that a motion for a new trial must have been filed, when there was no trial in the first instance. Again, we have held that no motion for a new trial is necessary in order to review the decision of the district court upon an application for a liquor license and the case at bar is one quite similar in principle. So we have no hesitancy in holding that the questions presented by the record in a case like this may be reviewed without a motion for a new trial.

We come now to consider the plaintiff's contentions. It appears that during the trial of a civil action in the district court for Dawes county, in which one Horace Brockway was plaintiff and Benjamin F. Pitman and others were defendants, and in which Brockway sought to recover a certain sum of money from defendants therein on account of the alleged wrongful conversion of the proceeds of a check, which it was claimed was left with some of the defendants in escrow, and in which the defendant Pitman, among other things, alleged as his defense that he had sold and conveyed his interest in a certain tract of

47

land situated in Dawes county for the amount of the check in question, and while the said Pitman was testifying in his own behalf, the plaintiff in error, who was conducting the examination, propounded to said Pitman certain questions tending to establish the defense of some of his clients, and while so examining the witness, the judgment complained of was rendered against him. The following is a copy of the findings on which the sentence was pronounced: "The said Albert W. Crites was examining the defendant Benjamin F. Pitman while the said Pitman was on the witness stand as a witness, and in open court, in the presence of the jury, the court advised the said Albert W. Crites not to examine the witness any further in relation to certain matters as shown by the record; that, after the court had advised the said Albert W. Crites not to examine the witness any further as to this particular matter referred to by the court, the said Albert W. Crites, immediately, in strict violation of the order of the court, again asked certain questions in relation to the same matter. Whereupon, the court advised counsel again not to examine any further as to the matter referred to by the court, and that if he did so he might consider himself in contempt of court; that counsel then advised the court in words, or in substance, that he was going to ask another question anyway; that the attorney did then immediately ask another question, which question was in strict violation of the order of the court; and the court, being fully advised in the premises, finds that said Albert W. Crites is guilty of contemptuous and insolent behavior toward the court and is in contempt of court, and that said contempt and the contemptuous and insolent behavior was committed in the presence of the court and while the court was in open session." This was followed by the judgment and commitment above mentioned. Subsequently, the court refused the accused time in which to apply for a writ of error, and adjudged that he be committed to jail, which was accordingly done, where he remained for a little more than twelve hours, and until an

order of supersedeas was obtained from the chief justice of this court. The plaintiff's petition contains numerous assignments of error, but the substance of his contention is that the judgment of the trial court is not sustained by sufficient evidence, or in fact by any evidence; that the findings do not support the judgment, and it was therefore wrongfully pronounced and should be reversed and set aside.

This was a summary proceeding to punish an alleged contempt committed in the presence of the court. No written charge or complaint was filed, which the accused could examine and attack, and no evidence was taken or submitted to establish the charge, which the accused could combat or explain. In such a case it is absolutely necessary for the preservation of the liberties of the citizen that, in recording the conviction, the court shall state the facts showing the contempt charged. It is not sufficient to state in a general way the conclusions of fact on which the conviction is based. The facts themselves must be stated, from which the reviewing court can see that the ultimate fact of guilt is properly and justly found. The findings of the court fail to meet this requirement. The record contains a bill of exceptions setting forth the proceeding in which the plaintiff was adjudged guilty of contempt. This does not aid the findings or supply such facts as should be contained therein. On the contrary, it would seem that the questions propounded by the plaintiff were competent and proper, and well calculated to establish the defense which he had interposed for his clients; and it does not appear that his demeanor to the court was in any way disrespectful, or that his conduct was contumacious or offensive. No intendments or presumptions can be indulged in to sustain the judgment of the trial court in a contempt proceeding. Such a proceeding is criminal in its nature, and the rules governing criminal proceedings are applicable thereto. *Boyd v. State,* 19 Neb. 128; *Beckett v. State,* 49 Neb. 210; *Zimmerman v. State, supra, Hawes v. State,* 46 Neb. 149. In *Hawthorne v.*

*State*, 45 Neb. 874, we cited *Batchelder v. Moore*, 42 Cal. 412, and quoted from the opinion therein as follows:

"The power of a court to punish for an alleged contempt of its authority, though undoubted, is in its nature arbitrary, and its exercise is not to be upheld, except under the circumstances and the manner prescribed by law. It is essential to the validity of proceedings in contempt, subjecting a party to a fine and imprisonment, that they show a case in point of jurisdiction within the provisions of the law, by which such proceedings are authorized, for mere presumptions and intendments are not to be indulged in their support."

In *Ogden v. State*, 3 Neb. (Unof.) 886, it was expressly held that the record must show forth the *facts* constituting the offense; that a recital that the accused did address insulting and menacing language to the court is a statement of a mere conclusion; that the language itself must be set out, so that the reviewing court may see that it is contemptuous; and that the record of a conviction of contempt *in facie curiæ* is insufficient, unless it thus shows that the offense was committed.

According to the rule announced above, the record in this case is defective, and does not sustain the judgment complained of.

It follows that the judgment of the district court must be, and it is, therefore,

REVERSED.