[Civil No. 2334.   Filed April 19, 1926.]

[245 Pac. 273.]

In the Matter of the Application of SPENCER B. PUGH for a Writ of Habeas Corpus. SPENCER B. PUGH, Appellant, v. JERRY SULLIVAN, Sheriff of Maricopa County, State of Arizona, Appellee.

1. CONTEMPT.—Where contempt is direct, it is not necessary to prefer formal charges against contemnor.

2. CONTEMPT—IN SUMMARY PROCEEDING FOR CONTEMPT, RECORD MUST SHOW FACTS ON WHICH CONVICTION IS BASED.—Where proceeding for contempt is summary without any written charge, record must show facts upon which conviction is based, in order that it can be known that court has jurisdiction.

3. CONTEMPT—JUDGMENT AND COMMITMENT CONTAINING NO FACTS TO SHOW ALLEGED CONTEMPT, OR THAT IT WAS COMMITTED IN COURT'S PRESENCE, IS INSUFFICIENT TO FINE OR IMPRISON CONTEMNOR.—Judgment and commitment for contempt, containing no facts to show "abuse of process of writ of *habeas corpus*," or that it was committed in court's presence, is defective, and does not constitute legal authority for imposition of fine or detention and imprisonment of contemnor.

See (1) 13 C. J., p. 63, n. 67, 68.   (2) 13 C. J., p. 81, n. 53, p. 82, n. 61, 62.   (3) 13 C. J., p. 81, n. 53, p. 82, n. 61, p. 84, n. 22.

1.  See 6 R. C. L. 522.
2.  See 6 R. C. L. 536.

30 Ariz.—9

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Judgment reversed and cause remanded, with direction that an order be entered discharging the appellant from custody.

Mr. D. L. Cunningham, Mr. T. A. Carson and Mr. V. L. Hash, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. Earl Anderson and Mr. Frank J. Duffy, Assistant Attorneys General, for Appellee.

ROSS, J.—The appellant, Spencer B. Pugh, a practicing attorney, was found guilty of contempt of court, in the superior court of Maricopa county, and sentenced to pay a fine, and, in default of payment, to be imprisoned. He applied for a writ of *habeas corpus*, claiming his imprisonment was illegal. In his return to the writ, the sheriff exhibited, as his authority for confining appellant, the following judgment and commitment, properly certified by the clerk of the court:

"In the Superior Court of Maricopa County, State of Arizona.
"In the Matter of the Application of JACINTA LAVIN AJA (No. 19670) and PABLO ALONSO GONZALES (No. 19671) for a Writ of Habeas Corpus.
"Judgment and Commitment.
"On this the 26th day of June, 1924, one Spencer B. Pugh, being present in open court, was adjudged in contempt of court for the abuse of the process of the writ of *habeas corpus*, and the court having found that Spencer B. Pugh is guilty of contempt of court:
"It is therefore ordered, adjudged, and decreed and the judgment and sentence of the court is that you, Spencer B. Pugh, pay a fine of one hundred dollars

($100.00), and in default of the payment of said sum of money, that you, Spencer B. Pugh, be imprisoned in the county jail of Maricopa county, state of Arizona, for one hundred days, or until the said fine is satisfied in the proportion of one day's imprisonment for every one dollar of said fine remaining unpaid. And the defendant is remanded to the custody of the sheriff of Maricopa county, state of Arizona, to be by him delivered into the custody of the proper officers of the said county jail.

"And it is further ordered, that a certified copy of this judgment shall be a sufficient warrant for the said sheriff to take, keep, and safely deliver the said Spencer B. Pugh into the custody of the proper officers of said county jail, and a sufficient warrant for the officers of the said county jail to keep and imprison the said Spencer B. Pugh in accordance herewith.

"[Signed]	FRED C. STRUCKMEYER, Judge."

The court, after a hearing upon the petition and return, refused to discharge the prisoner, and he appeals.

One assignment of error is as follows:

"That the said judgment and commitment was void because it did not specify any facts whatsoever constituting the contempt therein specified, to wit, abuse of process."

There are other assignments, but, since the point in this one is unquestionably good, we will not state the others or consider them.

It appears that the contempt of which appellant was found guilty grew out of a *habeas corpus* proceeding wherein appellant was representing the petitioners, and involved his good faith or conduct in that matter. If he was guilty of contempt, it was of the kind designated as direct contempt. In such cases it is not necessary to prefer formal charges against the contemnor; the law being that:

"It is the almost universal rule that, where the contempt is direct, in the immediate presence of the court, summary punishment may be inflicted, without affidavit, notice, rule to show cause, or other process." 13 C. J. 63, § 87.

And none was preferred in this case.

We think however, that it is quite as universally the rule that, if the proceeding is summary, without any written charge, that the record must somewhere show the facts upon which the conviction is based, in order that it can be known that the court had jurisdiction. The requirement and the necessity therefor in that respect is so well and fully stated in *Crites* v. *State,* 74 Neb. 687, 105 N. W. 469, that we quote as follows:

"This was a summary proceeding to punish an alleged contempt committed in the presence of the court. No written charge or complaint was filed, which the accused could examine and attack, and no evidence was taken or submitted to establish the charge, which the accused could combat or explain. In such a case it is absolutely necessary for the preservation of the liberties of the citizen, that, in recording the conviction, the court shall state the facts showing the contempt charged. It is not sufficient to state in a general way the conclusions of fact on which the conviction is based. The facts themselves must be stated, from which the reviewing court can see that the ultimate fact of guilt is properly and justly found."

See, also, *Goodhart* v. *State,* 84 Conn. 60, Ann. Cas. 1912B 1297, 78 Atl. 853.

In *Otis* v. *Superior Court,* 148 Cal. 129, 82 Pac. 853, we find the law stated as follows:

"There are some propositions included in the case that have been so often decided and are so entirely unquestioned by counsel that they may be briefly stated without any citation of authority. Every court is the exclusive judge of its own contempts, and its

judgment is subject to review only upon the point of jurisdiction. But every court in a contempt proceeding exercises a strictly limited jurisdiction, and its judgment convicting of a contempt is invalid, unless the record of the conviction shows upon its face that the matter charged was within its jurisdiction. If the contempt consists of acts done in the immediate view and presence of the court, the judgment must contain a recital of the acts, and must show by its recitals that they were committed in the presence of the court by the party charged, and the acts must come within the legal definition of a contempt."

It is hardly necessary to direct attention to the entire lack of facts in the judgment and commitment in this case, showing, or tending to show, "abuse of the process of the writ of *habeas corpus.*" What the appellant did, what the acts he was guilty of, or what conduct of a contemptuous nature he committed, is not shown. The judgment is based entirely upon a conclusion of the court. It fails even to show that the contempt was committed in the court's presence. Under the law, it is clearly so defective as not to constitute legal authority for the imposition of a fine, or for the detention and imprisonment of the appellant for defaulting in its payment.

The trial court erred in refusing to discharge the appellant upon his petition.

The judgment is therefore reversed and the cause remanded, with directions that an order be entered discharging the appellant from custody.

McALISTER, C. J., and LOCKWOOD, J., concur.