A. ALLAN SILVERTON *vs.* COMMONWEALTH.

Suffolk. April 6, 1943. — May 25, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Error, Writ of. Contempt. Practice, Criminal,* Contempt proceedings.

On writ of error to review a judgment of criminal contempt, an assignment of error based on the asserted ground that the conduct of the plaintiff in error had not in fact been contemptuous had no standing.

A plea to a writ of error, in nullo est erratum, does not admit facts contained in an assignment of error not well pleaded.

Error in a judgment of direct criminal contempt committed in the presence of a court was not shown on writ of error by the mere fact that the record of the contempt proceeding consisted of the bare recital that the contemnor had been cited for contempt because of "unwarranted conduct and remarks addressed to the court" and that a certain sentence had been imposed; the judge had no duty to incorporate in the record detailed subsidiary findings to support such judgment.

PETITION for a writ of error, filed in the Supreme Judicial Court for the county of Suffolk on December 29, 1942.

Following a return and a plea, the case was reported, without decision, by *Ronan, J.*

*E. M. Dangel,* (*L. E. Sherry* with him,) for the plaintiff in error.

*R. T. Bushnell,* Attorney General, & *R. Clapp,* Assistant Attorney General, for the Commonwealth, submitted a brief.

QUA, J. This petition for writ of error challenges a judgment of the District Court of Springfield entered December 7, 1942, adjudging the petitioner in contempt of court. The return discloses that the record of the District Court consists of the bare statement that the plaintiff in error was "cited for contempt of court because of unwarranted conduct and remarks addressed to the court for which a fine of twenty-five dollars was imposed." The Commonwealth pleads in nullo est erratum.

The sixteen assignments of error contained in the petition, in so far as they are sufficiently definite to be considered

and have been argued, fall into two classes, (1) assertions, in substance, that the conduct of the plaintiff in error was not in fact contemptuous, and (2) contentions that there was error of law in failing to make a sufficiently detailed record to show that the general conclusion of contempt was warranted.

Assignments of error of the first class have no standing. Alleged errors in findings of fact on issues tried in the original case are not the kind of errors of fact that can be assigned in a petition for a writ of error under G. L. (Ter. Ed.) c. 250, §§ 3, 9. *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 376. *Dolan* v. *Commonwealth*, 304 Mass. 325, 332–334. *MacEachern* v. *S. S. White Dental Manuf. Co.* 304 Mass. 419. And a plea in nullo est erratum does not admit facts contained in an assignment of error not well pleaded. *Riley* v. *Waugh*, 8 Cush. 220, 222. *Conto* v. *Silvia*, 170 Mass. 152. *Perkins* v. *Bangs*, 206 Mass. 408, 412.

The assignments of error of the second class remain to be considered. The record must be construed as showing that the plaintiff in error was sentenced for direct criminal contempt in the presence of the court, and the question is whether under these circumstances any duty rested upon the judge to incorporate in some manner into the record of the proceeding such detailed subsidiary findings as would support his judgment.

In all discussions of direct criminal contempt stress is laid upon the summary nature of the proceeding necessary to vindicate the dignity and authority of the court. *Cartwright's Case*, 114 Mass. 230. *Hurley* v. *Commonwealth*, 188 Mass. 443, 446. *Walton Lunch Co.* v. *Kearney*, 236 Mass. 310, 315. *Root* v. *MacDonald*, 260 Mass. 344, 365. *Blankenburg* v. *Commonwealth*, 272 Mass. 25, 34, 35. *Ex parte Terry*, 128 U. S. 289. *Cooke* v. *United States*, 267 U. S. 517, 534, 535. There is no need of adding to what has been said repeatedly on this point in practically every jurisdiction. No particular form of procedure is required. At common law the general rule was that each court was the final arbiter in dealing with criminal contempts committed against it. No power of review in any form by a

higher court existed. *Hurley* v. *Commonwealth,* 188 Mass. 443, 444, and cases cited. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 374. Hence there was no necessity for conducting the proceedings in such a manner as to facilitate a review of questions of law arising in them. That the common law of England did not require the grounds of a finding of direct criminal contempt by one of the courts classed as "superior" to be set forth in detail was determined by the Court of Common Pleas in 1861 in the elaborately argued and considered case of *Ex parte Fernandez,* 10 C. B. (N. S.) 3, where the earlier cases going back many years are reviewed. A similar ruling had previously been made by the Court of King's Bench in *Burdett* v. *Abbot,* 14 East, 1, and affirmed by the House of Lords, 5 Dow, 165. The cases of *Levy* v. *Moylan,* 10 C. B. 189, and *Gosset* v. *Howard,* 10 Ad. & El. (N. S.) 411 (in the Exchequer Chamber), are to the same effect. There is no reason to believe that the common law of Massachusetts has ever been any different in this particular from that of England. And the District Courts of this Commonwealth are "courts of superior and general jurisdiction" in matters of contempt, G. L. (Ter. Ed.) c. 218, § 4, as in other matters within their jurisdiction. *Allard* v. *Estes,* 292 Mass. 187, 190. We are not aware that there has existed in this Commonwealth any general practice of making the record of contempts of this kind with any greater particularity than was here done, and upon investigation we have been unable to discover that such general practice has existed, although instances of more detailed specification can be found.

In *Hurley* v. *Commonwealth,* 188 Mass. 443, this court held that as a result of certain general statutes construed together this court had jurisdiction of writs of error by persons adjudged guilty of criminal contempt. These statutes are now G. L. (Ter. Ed.) c. 250, § 9, and c. 211, § 3. *Blankenburg* v. *Commonwealth,* 260 Mass. 369, 374, 375. *Dolan* v. *Commonwealth,* 304 Mass. 325, 332. But these are statutes of the broadest nature, not dealing specifically or only with contempt cases, and we think it would be going too far to read into them any implied command that the summary

proceedings for criminal contempt should be changed and remolded to render more effective the application of these statutes to this one narrow class of cases. Indeed, the bare record in an ordinary criminal case, in the absence of a bill of exceptions or report, seldom discloses the underlying facts indispensable to test on writ of error the correctness of the judge's rulings as the plaintiff in error would like to be able to test them in this case. When, as the result of statutes, this writ became available for use in contempt cases it brought its inherent limitations with it. *Dolan* v. *Commonwealth*, 304 Mass. 325, 332. It may be pertinent to remember that in general in cases at law, both civil and criminal, there is no requirement that the judge indicate his findings of particular facts, since his ultimate finding implies all that is necessary to support it, and this principle has been applied to criminal contempt proceedings (*Blankenburg* v. *Commonwealth*, 272 Mass. 25, 31; *Woodbury* v. *Commonwealth*, 295 Mass. 316, 319), which are proceedings at law. *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 373.

Decisions in other American jurisdictions, in so far as they are really in point, exhibit the diversity that might perhaps be expected. In a number of States the matter is controlled by statute. Some others in which there seem to be no statutes have held that a sentence for criminal contempt must be accompanied by a detailed statement of its grounds. Illustrative of these are *In re Pugh*, 30 Ariz. 129, *Wilde* v. *Superior Court of San Diego County*, 53 Cal. App. (2d) 168, 179, *People* v. *Sherwin*, 354 Ill. 371, *Crites* v. *State*, 74 Neb. 687, and *Hoffman* v. *Hoffman*, 26 S. D. 34. The earlier cases reaching this result seem to us to have proceeded more upon the theory that it would be better to have it so than upon any inquiry into the actual state of the common law. The later cases cite the earlier ones. Other courts, sometimes after searching the common law, have reached a different conclusion. *Easton* v. *State*, 39 Ala. 551. *Ex parte Wheeler*, 231 Ala. 356. *Ex parte Chastain*, 94 Ark. 558. *Ex parte Adams*, 25 Miss. 883. *Ex parte Summers*, 5 Ired. 149. *Ryals* v. *United States*, 69 Fed. (2d) 946, 948. Some in the latter group have made the suggestion, with which we concur, that

even though it is not necessary to the validity of the judgment of contempt, it would be better practice to set forth definitely in the order the acts which are found to constitute contempt.

This is a case of direct criminal contempt. Giving due weight to the precedents of the common law as interpreted by the common law courts of England and to what we believe has long been regarded as correct practice in this Commonwealth, we are not convinced that there was error of law on the face of the record in this case.

*Judgment affirmed.*