[L. A. No. 20920. In Bank. June 17, 1949.]

EDWARD RAIDEN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

84

Edward Raiden, in pro. per., and Marion P. Betty for Petitioner.

Harold W. Kennedy, County Counsel, James A. Cobey and John L. Harris, Deputy County Counsel, for Respondents.

SHENK, J.—In this proceeding the petitioner, an attorney, seeks by certiorari to review and annul an order holding him in contempt of the respondent superior court and imposing a fine of $50 which was paid under protest.

The petition shows that the alleged contempt was committed in the course of the petitioner's argument of a motion for a new trial on behalf of the defendant in an action for divorce between Richard Edward Reeves and Annabelle Reeves in the Superior Court in Los Angeles County.

The wife in that action was a minor 19 years of age. She resided with their two children in Nevada where she had filed an action for divorce against her husband. Substituted service of summons was had on her in the California action. By an amendment in 1947 to section 413 of the Code of Civil Procedure a shorter time than the period prescribed by the order of publication was provided for completion of service of sum-

mons when personal service was effected outside of the State. It is alleged that due to this change the petitioner, employed as attorney for the wife, miscalculated the time for appearance by the wife and her default was taken. The respondent court held a hearing on the default, granted a divorce to the husband and awarded to him the community property and the custody of the children. Thereupon the petitioner moved to set aside the default and requested that the wife be permitted to appear and defend. The motion was denied. The petitioner then served a notice of intention to move for a new trial. The motion came on for hearing before the respondent judge who had heard the default proceeding and the motion to set aside the default. The motion for a new trial was also denied.

A transcript of the proceedings taken on the default hearing has been filed as an exhibit to the petition for the writ. It shows that the following took place on the default hearing:

At the close of the testimony the judge suggested the appointment of a guardian *ad litem* for the defendant, stating that although the wife was over 18 and married she should be represented by a guardian *ad litem*. Counsel for the plaintiff questioned the necessity for the appointment. The judge held it in abeyance and called for authorities and argument. He indicated that he would appoint David Lynn if it appeared that a guardian was necessary, and that the divorce, the custody of the children, and the community property would be awarded to the plaintiff.

At the session after the noon recess the judge announced his decision to the effect that the appointment of a guardian *ad litem* for the defendant was necessary and on his own motion appointed Mr. Lynn as such guardian. The judge then reannounced the decree and awards to the plaintiff.

No reporter was present at the hearing of the defendant's motion for a new trial and a transcript of those proceedings is not available. The order denying the motion and holding the petitioner in contempt is as follows:

"Come now the parties by their respective counsel . . . and the defendant moves the court for a new trial herein, upon the grounds stated in the notice of intention to move for a new trial, filed herein. Motion is argued. The court finds defendant's counsel Edward Raiden, in contempt of court for making the statement to the court that the appointment of the guardian *ad litem* for the defendant in this case defeats

the ends of justice, and assessed a fine of fifty dollars. The fine is paid under protest. A check is accepted as payment, on order of court. Defendant's motion for a new trial is by the court denied.''

It thus appears that the acts constituting the alleged contempt were committed in the immediate view and presence of the court. ▮ A court has inherent power to adjudge and punish for contempt. (*In re Shortridge*, 99 Cal. 526, 532 [34 P. 227, 37 Am.St.Rep. 78, 21 L.R.A. 755].) ▮ The order adjudicating a direct contempt is valid only if the recital of facts therein shows acts which constitute a contempt. If the facts so recited do not constitute a contempt the order is not enforceable. (Code Civ. Proc., § 1211; *Overend* v. *Superior Court*, 131 Cal. 280 [63 P. 372]; *Otis* v. *Superior Court*, 148 Cal. 129, 130 [82 P. 853]; *In re Shortridge*, 5 Cal.App. 371, 375 [90 P. 478]; *Bennett* v. *Superior Court*, 73 Cal.App.2d 203, 209 et seq. [166 P.2d 318]; see, also, *In re Hallinan*, 126 Cal.App. 121 [14 P.2d 797], *Rose* v. *Superior Court*, 140 Cal.App. 418 [35 P.2d 605], and *Gillen* v. *Municipal Court*, 37 Cal.App.2d 428 [99 P.2d 555].) ▮ Because of the penalties imposed a contempt is criminal in nature and presumptions or intendments may not be indulged in support of the order. The findings and judgment are strictly construed to favor the accused. (*Hotaling* v. *Superior Court*, 191 Cal. 501, 506 [217 P. 73, 29 A.L.R. 127]; *Wilde* v. *Superior Court*, 53 Cal.App.2d 168, 177 [127 P.2d 560].)

▮ The recited fact shows that the petitioner expressed to the court no more than his opinion that the former order appointing the guardian *ad litem* defeated the ends of justice. The merits of the questions regarding the necessity for the appointment of a guardian or the effect thereof on the rights of the defendant in the default hearing or in the new trial proceeding are not matters for consideration here. The circumstances attending the appointment of a guardian at the default hearing are related merely as further support of the intendments favorable to the petitioner flowing from the fact recitals in the contempt order. The result would be the same without special reference to those proceedings.

▮ An attorney is entitled to advocate respectfully and in good faith his contentions on behalf of his client even though asserted inadequacies in the action taken by the court are pointed out. (*Platnauer* v. *Superior Court*, 32 Cal.App. 463, 475 [163 P. 237]; *Curran* v. *Superior Court*, 72 Cal.App. 258, 267 [236 P. 975].) ▮ It does not appear here that

the petitioner was overstepping the bounds of propriety by merely expressing an opinion that a prior order of the court defeated the ends of justice. That opinion concerned an order theretofore made by the court and was expressed in the course of a proceeding which may properly be said to include a review of the past action. For aught that appears in the contempt order the opinion was respectfully advanced in good faith. The facts stated in the order are therefore insufficient to support an adjudication in contempt.

The respondent judge filed an affidavit in the present proceeding in which it is sought to support the order by averments showing additional language used by the petitioner and the manner of his protestation. But such additional showing may not serve to overcome the absence in the order of jurisdictional facts.

The portion of the order adjudicating a contempt and imposing a fine of $50 is annulled.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.