442 P.2d 562

**John A. GOLDEN, Petitioner,**

**v.**

**The SUPERIOR COURT OF COCHISE COUNTY and the Honorable Lloyd C. Helm, Respondents.**

**No. 2 CA–CIV 541.**

Court of Appeals of Arizona.

June 18, 1968.

Rehearing Denied Oct. 29, 1968.

See 8 Ariz.App. 468, 447 P.2d 560.

Review Denied Dec. 10, 1968.

Johnson, Darrow, Hayes & Morales, Tucson, by J. Mercer Johnson, Tucson, for petitioner.

Richard J. Riley, County Atty., Cochise County, Bisbee, for respondents.

MOLLOY, Judge.

This certiorari proceeding[1] reviews a judgment of contempt entered in the superior court against the petitioner-attorney arising out of conduct of the attorney occurring during a jury trial.

The judgment of contempt reads as follows:

"It was the finding of the Court that John A. Golden had been in contempt of Court this date, July 13, 1967, and was also in contempt of Court on the 12th day of July, 1967. IT IS THEREFORE ORDERED, ADJUDGED and DECREED and IT IS THE SENTENCE AND JUDGMENT OF THE COURT that John A. Golden pay a fine of $50.00, or in failing to pay the said fine, be imprisoned in the Cochise County Jail for ten days or has served one day for each $5.00 of the fine. The fine to be paid to the Clerk of the Superior Court. John A. Golden be remanded to the custody of the Sheriff of Cochise County and a certified copy of this Judgment will be sufficient for the Sheriff to take and safely keep you in accordance herewith."

The question is presented as to whether this order complies with the requirements of In re Pugh, 30 Ariz. 129, 245 P. 273 (1926), where it was said:

" * * * if the proceeding is summary, without any written charge, that the record must somewhere show the facts upon

which the conviction is based, in order that it can be known that the court had jurisdiction."

30 Ariz. at 132, 245 P. at 274.

The respondent here seeks to defend the order below by referring to the transcript of testimony which indicates that the order of contempt was imposed because counsel had "constantly" asked repetitious questions, after being admonished not to do so, and for the reason that counsel had gone in back of the bar while court was in session to talk to a witness, without being excused by the court.

We do not believe that the judgment of contempt can be supported by matters extraneous to the judgment itself, such as the transcript of the trial proceedings.

The language of *Pugh* is ambivalent as to what constitutes the "record," but we believe this is clarified by the citations and quotations in that opinion of and from Otis v. Superior Court of Los Angeles County, 148 Cal. 129, 82 P. 853 (1905) ; and Crites v. State, 74 Neb. 687, 105 N.W. 469 (1905). We requote a portion of *Pugh's* quotation from *Otis:*

" ' * * * *the judgment* must contain a recital of the acts, and must show by its recitals that they were committed in the presence of the court by the party charged, and the acts must come within the legal definition of a contempt.' " (Emphasis ours) 30 Ariz. at 133, 245 P. at 274.

Both California and Nebraska take the view that punishment for direct contempt in the presence of the court, without notice and charges, is criminal in nature, and therefore, that there are no presumptions or intendments indulged in to support the order. Raiden v. Superior Court for Los Angeles County, 34 Cal.2d 83, 206 P.2d 1081, 1082 (1949) ; and Tastee Inn, Inc. v. Beatrice Foods Co., 167 Neb. 264, 92 N.W.2d 664, 669 (1958).

1. That certiorari is a proper procedure to review a contempt order, see Chula v. Superior Court etc., 57 Cal.2d 199, 18 Cal.Rptr. 507, 368 P.2d 107 (1962) ; cf. Rogers v. Superior Court etc., 2 Ariz. App. 556, 410 P.2d 674 (1966).

California has clearly ruled that a judgment of contempt must be sufficient in itself and cannot be supported by reference to the transcript of testimony:

"The transcript does show unqualified admonitions against referring to 'isolated acts of violence' or 'single acts of atrocity.' These admonitions could well support the finding of contempt, but they are not recited in the order. The strict rule limits us to the face of the order (Raiden v. Superior Court, supra, 34 Cal.2d 83, 86, 206 P.2d 1081; O'Laughlin v. Superior Court [etc.] 155 Cal.App.2d 415, 422, 318 P.2d 39)."

Thorne v. Municipal Court, City and County of San Francisco, 237 Cal.App.2d 249, 46 Cal.Rptr. 749, 752 (1965).

See also Ex parte Battelle, 207 Cal. 227, 277 P. 725, 65 A.L.R. 1497 (1929).

Order of conviction of contempt set aside.

HATHAWAY, C. J., and KRUCKER, J., concur.