472 P.2d 950

Horton C. WEISS, Petitioner,

v.

The SUPERIOR COURT OF PIMA COUNTY and the Honorable Robert O. Roylston, Respondent.

No. 2 CA–CIV 866.

Court of Appeals of Arizona, Division 2.

July 31, 1970.

Rehearing Denied Sept. 30, 1970.

Review Granted Nov. 24, 1970.

Molloy, Jones, Hannah, Trachta & Coolidge, by John F. Molloy, Tucson, for petitioner.

Lewis, Roca, Beauchamp & Linton, by John P. Frank, Phoenix, for respondent.

HOWARD, Chief Judge.

The petitioner, prosecuting attorney in the case of the State of Arizona v. Atwood, Pima County Superior Court cause number A–16066, instituted these special action proceedings. He contends, inter alia, that the superior court's judgment adjudicating him in contempt lacks the requisite specificity as to the facts upon which it is based. The challenged judgment recites:

"On this 8th day of June, 1970, the court having found the prosecutor, HORTON C. WEISS, in contempt of this court for his conduct during the course of the trial of the above defendant [Anthony Gardner Atwood],

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, and the JUDGMENT and SENTENCE of the Court is that said Horton C. Weiss pay a fine of $150 and this fine to apply to Count One, and that he be confined in the Pima County Jail at Tucson, Arizona, one (1) day on Count Two, two (2) days on Count Three, four (4) days on Count Four and eight (8) days on Count Five; each to be consecutive to the prior count or a total of fifteen (15) days, and

IT IS ORDERED that Mr. Weiss report to the Pima County Jail on June 9, 1970 at 8 a.m.

IT IS FURTHER ORDERED that a certified copy of this JUDGMENT and COMMITMENT shall be sufficient warrant for the Sheriff of Pima County Arizona to keep and imprison the said Horton C. Weiss in accordance herewith.
                    /s/ Robert O. Roylston, Judge"

■ Since there is no appeal under the circumstances, Herzog v. Reinhardt, 2 Ariz.App. 103, 406 P.2d 738 (1965), we deem appellate intervention by special action appropriate and assume jurisdiction.

■ The power to punish for contempt is inherent in the courts. Phoenix Newspapers, Inc. v. Superior Court of County of Maricopa, 101 Ariz. 257, 418 P. 2d 594 (1966). Where, during the course of criminal proceedings, counsel's conduct is contemptuous, it is proper, in the interests of expediency, to delay the judgment of contempt and sentence thereon, as was done here, until the criminal proceedings have terminated in a jury verdict. In re Osborne, 9 Cir., 344 F.2d 611 (1965). However, it is well settled both in this jurisdiction and others that an adjudication of contempt must be based on special facts found, i.e., the facts must be set forth with sufficient particularity to show, without the aid of speculation, that the contempt actually occurred. Ellison v. Mummert, 105 Ariz. 46, 459 P.2d 306 (1969); Busby v. State ex rel. LaFon, Okl.Cr., 449 P.2d 718 (1969); Golden v. Superior Court of Cochise County, 8 Ariz.App. 25, 442 P.2d 562 (1968); Badley v. City of Sheridan, Wyo., 440 P.2d 516 (1968); Chula v. Superior Court, 57 Cal.2d 199, 18 Cal.Rptr. 507, 368 P.2d 107 (1962); Tastee Inn, Inc. v. Beatrice Foods Company, 167 Neb. 264, 92 N.W.2d 664 (1958); Ex parte Lagunilla, 30 Wash.2d 777, 193 P.2d 875 (1948); Ex parte Gambrell, 160 Kan. 620, 164 P.2d 122 (1945), rehearing denied 161 Kan. 4, 165 P.2d 760 (1946); In re Pugh, 30 Ariz. 129, 245 P. 273 (1926).

The reason for this "particularity" requirement as to the basis of the contempt is to permit informed appellate review. Tauber v. Gordon, 9 Cir., 350 F.2d 843 (1965). Furthermore, the dangers inherent in direct contempt proceedings are kept to an absolute minimum. 17 Am.Jur.2d Contempt § 103. As stated in the case of In re Hallinan, Cal., 81 Cal.Rptr. 1, 3, 459 P. 2d 255, 257 (1969):

"Considerable summary power, not usually available to the officers of any other branch of the government, is therefore vested in judges. If that power is not wisely exercised it can readily become an instrument of oppression. In a summary contempt proceeding the judge who metes out the punishment is usually the injured party and the prosecutor as well. Since such a situation invites caprice, appellate courts almost

without exception require that the order adjudging a person in direct contempt of court recite in detail the facts constituting the alleged transgression rather than the bare conclusions of the trial judge."

Appellate courts indulge in no presumptions or intendments to support a contempt judgment. Golden v. Superior Court, supra; Ex parte Wells, 29 Cal.2d 200, 173 P.2d 811 (1946). Respondent argues that reference to the trial transcript will show the facts upon which the respective contempts were predicated. However, this court has previously rejected this argument in Golden v. Superior Court, supra, holding that reference to the record will not satisfy the requirement of express factual findings. Although we agree that a judgment of guilty is complete when orally pronounced, State v. Dowthard, 92 Ariz. 44, 373 P.2d 357 (1962); State v. Smith, 6 Ariz.App. 393, 433 P.2d 44 (1967), we find nothing in the minute entries of the trial proceedings which satisfies the "particularity" requirement. We hold, therefore, that the subject judgment is fatally defective.

Subsequent to the institution of these appellate proceedings, the respondent filed in this court a "Motion to Suspend and Lift Stay." The motion requested suspension of these proceedings and amendment of the stay order previously issued by this court to the respondent to permit the respondent to enter "a formal written judgment on the subject matter of the contempt herein." No authority has been cited supportive of the propriety thereof. As a motion to augment the record, the instant motion cannot stand, since such motion cannot be used to create a record but solely to supplement an incomplete but *existing* record. Wagner v. Chambers, 232 Cal. App.2d 14, 42 Cal.Rptr. 334 (1965). A clerical error may be corrected so that the record may truly reflect the court's action. Chula v. Superior Court, 57 Cal.2d 199, 368 P.2d 107 (1962); Blake v. Municipal Court, 144 Cal.App.2d 131, 300 P.2d 755 (1956). Such is not the case here. We consider it inappropriate, therefore, to con-

sider an attempt to supersede the June 8th judgment to which this appellate proceeding was directed. See Golden v. Superior Court, 8 Ariz.App. 468, 447 P.2d 560 (1968).

For lack of the requisite factual findings, the contempt judgment is void. The respondent court is directed to vacate the judgment and conduct such further proceedings not inconsistent with this opinion.

HATHAWAY and KRUCKER, JJ., concur.