Opinion
STONE, J.
Appellant (defendant in the trial court) Dennis John Regan, appeals from a judgment of conviction following a jury verdict of guilty on two counts of violating Business and Professions Code, section 17500, and one count of violating Business and Professions Code, section 9843.
Appellant raises three issues on this appeal. His contentions as to each are as follows:
Section 17500 does not impose vicarious liability, and the evidence is insufficient to prove guilty knowledge on the part of defendant;
2. Section 9843 does not impose strict liability on defendant, and the section is too broad and too vague;
3. The comments of counsel to the jury at the conclusion of the trial were improper and prejudicial.
These issues will be discussed separately in the order raised:
I
Business and Professions Code, section 17500, reads: “It is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services, professional or otherwise, or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public in this State, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, any statement, concerning such real or *Supp. 4 personal property or services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading, or for any such person, firm, or corporation to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell such personal property or services, professional or otherwise, so advertised at the price stated therein, or as so advertised. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500), or by both.” (Italics added.)
It must first be emphasized that this section does not impose strict criminal liability. The proscribed conduct must be done with the intent and knowledge shown by the emphasized portions, above.
There is ample evidence in the record herein to establish that appellant’s employee, William Perry Hopper, is guilty of violating section 17500. The critical question is whether appellant, as owner of the business, may be held criminally responsible. We hold, on the facts before this court, that the evidence is insufficient.
We begin by pointing out that a person does not become criminally responsible merely by virtue of his position with a business firm (owner, officer, manager, etc.) Otis v. Superior Court, 148 Cal. 129 [82 P. 853], See also the discussion at page 885 of People v. Conway, 42 Cal.App.3d 875 [117 Cal.Rptr. 251]. But, rather, we must determine what control or knowledge appellant had of his employee’s activities.
Other than the fact of ownership, the record is silent as to any such control or knowledge. The People argue that because the employee committed the illegal activity on two occasions, and because appellant benefited from the profits generated by his business, somehow the trier of fact could infer knowledge or approval of the illegal conduct. This position is untenable. The employee’s conduct occurred away from the business premises. There is nothing in the record which gives any indication that appellant had knowledge of, or participated in, the illegal conduct.
*Supp. 5 We are mindful that all conflicts in testimony must be resolved in respondent’s favor, and that a reviewing court will not overturn a verdict if the trier of fact could reasonably find as it did. However, here, there' simply is no evidence to hold appellant on counts I and II.
II
Business and Professions Code, section 9843, reads: “The service dealer shall return replaced parts to the customer excepting such parts as may be exempted from this requirement by regulations of the director and excepting such parts as the service dealer needs to return to the manufacturer or distributor under a warranty arrangement.”
Title 16, section 2706 of the California Administrative Code, provides: “Section 9843 requires that the service dealer shall return replaced parts to the customer excepting parts that the service dealer needs to return to the manufacturer or distributor under a warranty arrangement or parts that are exempted by regulation, as follows:
“(a) Electronic or appliance parts that are repairable and are replaced or sold on an exchange basis, including picture tubes, printed circuit components, tuners and plug-in modules.
“(b) Parts that are removed from appliances, as defined in Section 2703(d) of these regulations, providing the customer has waived the return of such parts in writing, including refrigeration compressors, condensers and evaporator coils; refrigerator and freezer doors and liners; washing machine transmissions, agitators and tubs; and dryer drums.”
Appellant first contends that section 9843 is too broad and too vague. With this contention we disagree. A plain reading of the section clearly defines what is expected of a service dealer. Appellant has pointed out no particular ambiguities or uncertainties, and we can see none.
He next asserts that section 9843 does not and cannot impose strict liability. With this assertion we also disagree. An excellent discussion of the doctrine of strict criminal liability is found in People v. Travers 52 Cal.App.3d 111 [124 Cal.Rptr. 728], an authority relied upon by both parties in their briefs to this court. On page 115, the Travers court, in quoting In Re Marley, 29 Cal.2d 525 [175 P.2d 832], points out: “ ‘ “. . . [W]here qualifying words such as knowingly, intentionally, or fraudulent *Supp. 6 ly, are omitted from provisions creating the offense it is held that guilty knowledge and intent are not elements of the offense.....” ’ ”
Section 9850, Business and Professions Code, which makes a violation of section 9843 a misdemeanor, reads: “Any person who fails to comply with the provisions of this chapter is guilty of a misdemeanor and punishable by a fine not exceeding one thousand dollars ($1,000) or by imprisonment not exceeding six months, or by both such fine and imprisonment.”
In neither section 9843 nor section 9850 is knowledge or intent required.
People v. Travers, 52 Cal.App.3d at page 116, goes on to point out that although many of the authorities upholding strict liability have involved food, beverages, or drugs, they may include other areas of commerce when the health, safety and well being of the community are involved. In upholding the strict liability of a statute governing the sale of motor oil, that court said: “Of greater significance, however, is the overriding right of the members of the public to receive what they bargain for.” (52 Cal.App.3d, at p. 116.)
We are of the opinion that the statute requiring the return of a replaced television set part comes within the policy of protecting the public from such fraudulent conduct as exhibited by the evidence here, conduct from which most members of the public are helpless to protect themselves.
Examining the conduct of appellant’s employee, Hopper, there is ample evidence to support the jury’s apparent conclusion that he failed to return a replaced part, as required by section 9843.
Ill
We now come to the third issue, that of prosecutorial misconduct.
In closing argument, the following comments were made:
“Mr. Baird: . . . Another interesting point made by Mr. Blanton is that we didn’t call the defendant.
“Mr. Blanton: I will object to that.
*Supp. 7 “Mr. Baird: I am sorry. I misstated. I mean Mr. Blake......”
The statement, “we didn’t call the defendant,” is clearly an improper reference to appellant’s failure to testify. The statement was obviously inadvertent, and was quickly corrected. But does such a “Griffin error” constitute prejudicial, or reversible, error? The most complete analysis of this problem is found in People v. Vargas 9 Cal.3d 470, at pages 478-481 [108 Cal.Rptr. 15, 509 P.2d 959].
Portions of Vargas read as follows: “The applicable test for determining whether an error which violates federal constitutional principles is reversible error is set forth in Chapman v. California, 386 U.S. 18, 24 [17 L.Ed.2d 705, 710-711, 87 S.Ct. 824, 24 A.L.R.3d 1065], wherein the court held that ‘before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt.’ This determination ‘must be based on our own reading of the record and on what seems to us to have been the probable impact of the . . . [errors] on the minds of an average jury.’ ” (9 Cal.3d, at p. 478.)
“This court has stated that, in order for Griffin error to be prejudicial, the improper comment or instruction must either ‘serve to fill an evidentiary gap in the prosecution’s case,’ or ‘at least touch a live nerve in the defense.....’” (9 Cal.3d, at p. 481.)
Examining the improper statement in this case and the context in which it was made, and applying the standards set out in Vargas, we are convinced beyond a reasonable doubt that the error was harmless.
The judgment of conviction finding appellant guilty of violating two counts of Business and Professions Code, section 17500, is reversed.
The judgment of conviction finding appellant guilty of violating one count of Business and Professions Code, section 9843, is affirmed.
The action is remanded to the trial court for a further sentencing hearing consistent with this opinion.
Ferguson, P. J., and Davis, J., concurred.