ℓ

CHARLES A. HILL

*v.*

EDWARD W. CRANDALL.

1. CONTEMPT—*what constitutes.* While a justice of the peace was hearing a motion for a continuance of a cause pending before him, an attorney in the cause, in resisting the motion, addressed to the justice this language: "You can fine and be damned." The attorney was held to have been guilty of contempt in open court, for which the justice should punish him.

2. SAME—*to whom the warrant should be addressed.* A proceeding for a contempt is in the nature of a criminal proceeding, and when a person is guilty of contempt in open court, before a justice of the peace, the justice may direct his warrant for the arrest of the offender to the sheriff of the county.

WRIT OF ERROR to the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of trespass, brought in the court below by Hill against Crandall. The first count in the declaration alleged that on the 21st day of August, A. D. 1868, at the county of Will aforesaid, the said Edward W. Crandall, then and there being a justice of the peace in and for said Will

county, then and there, without any authority of law, issued a certain writ against the body of said plaintiff, as follows:

STATE OF ILLINOIS, } ss.
    WILL COUNTY. }

*The People of the State of Illinois to the Sheriff of said county:*

Whereas, on the 19th day of August, A. D. 1868, while Edward W. Crandall, one of the justices of the peace in and for said county, was engaged listening to a motion made before him for a continuance of a cause then pending at his office in Joliet, wherein Jacob Powles was the plaintiff, and Isaac Noabes the defendant, Charles A. Hill, attorney for the said plaintiff, did wilfully and contemptuously resist said motion after the court had given him, the said Charles A. Hill, notice that the said motion had been granted, and being ordered by the said justice to cease, refused to do so, and said that the said justice could "fine and be damned." And whereas, the said Charles A. Hill was forthwith called upon by the said justice, and required to answer for said contempt, and to show cause why he should not be convicted thereof, but did not make any defense except to deny the jurisdiction of the said justice, and did not make any apology for his said conduct, and whereas the said justice did thereupon convict the said Charles A. Hill of said contempt, and adjudge and determine that he pay a fine of five dollars, and that he be committed to the common jail of said county until he pay the said fine, or until he be discharged by due course of law: We therefore command you, the said sheriff, to take the said Charles A. Hill and deliver him to the keeper of the common jail of said county, together with this warrant; and you, the said keeper, are hereby required to receive him into your custody in the said jail, and him there safely keep until he pay the said fine, or until he shall be discharged by due course of law. Hereof fail not at your peril.

Given under my hand and seal this 21st day of August, A. D. 1868.

              E. W. CRANDALL J. P. [SEAL.]

The count then averred that this writ was delivered to the sheriff, who arrested Hill, and detained him in his custody for the space of two hours, and until Hill paid the fine imposed upon him by the justice.

The second count alleged the arrest and imprisonment of the plaintiff by the defendant without authority of law.

A demurrer was sustained to the first count. To the second count the defendant pleaded specially, justifying the issuing of the writ, and the arrest and imprisonment under it, averring that while the defendant, as a justice of the peace, was hearing a motion for the continuance of a cause pending before him, and upon announcing his decision upon such motion, the plaintiff, who was acting as one of the attorneys in the case, resisted the said motion in a rude, unmanly and contumacious manner, and continued to resist the motion in a contemptuous manner, after the justice had announced his decision thereof, addressing to the justice improper and profane language, as follows: "You can fine and be damned," and other unbecoming and contemptuous language. A demurrer to this plea was overruled, and the plaintiff electing to stand by his declaration, his suit was dismissed with costs.

The plaintiff thereupon sued out this writ of error, and now insists the ruling of the court upon the demurrer was erroneous. First, because the defendant, though a justice of the peace, had no authority under the law to fine for contempt, unless he was sitting or acting in a judicial capacity as a court at the time the alleged offense arose, and that this fact that he was so acting must appear affirmatively in any justification of the case; and, secondly, even admitting the conviction to be regular, the defendant had no power or authority under the law to issue a warrant of commitment thereon to the sheriff of the county, commanding him to arrest the plaintiff in error, and that when he did so, and an arrest was made in pursuance of that writ, he became a trespasser under the law, for want of jurisdiction of the process used.

Mr. CHARLES A. HILL, *pro se.*

Messrs. URI OSGOOD, E. C. FELLOWS, T. L. BRECKENRIDGE
and HENRY SNAPP, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

That the plaintiff in this case, as it is presented by the
record, was guilty of contempt in open court, admits of no
controversy, and the magistrate would have himself been cen-
surable if he had failed to punish. The use of such indeco-
rous language to a court as is set forth in this record would
be inexcusable in any one, and is least excusable in an attor-
ney at law, whose profession should be a sufficient guaranty
of respectful deportment to even the humblest judicial tri-
bunal.

The only question in this record admitting of debate is,
whether the justice had the power to direct his warrant to the
sheriff, and authorize him to make the arrest. Our conclu-
sion is, he had such power. The 207th section of the Crimi-
nal Code, Gross' Stat. p. 210, provides that a justice of the
peace may issue his warrant directed to all sheriffs, coroners,
and constables, for the arrest of any person charged upon
oath with the commission of a criminal offense. It thus
appears that although, in civil proceedings, a justice must
direct his process to a constable, he is not thus restricted
when exercising a criminal jurisdiction. How the warrant
shall be addressed in a proceeding of this character is not
specially provided by the statute, and we are left to its analo-
gies for guidance. It was held in *Clark* v. *The People*, Breese
340, and in *Stuart* v. *The People*, 3 Scam. 403, that a proceed-
ing for contempt was in the nature of a criminal proceeding,
and such being the fact, we can perceive no reason why the
magistrate should not direct his warrant immediately to the
sheriff of the county, who, as keeper of the jail would have

the custody of the offender. There can be no possible objection to such a practice, and there is nothing in the statute conflicting with it, even by remote implication.

*Judgment affirmed.*