Russell v. French, Circuit Judge.

---

RUSSELL v. FRENCH, CIRCUIT JUDGE.

1. **Contempt:** BY ATTORNEY IN PRESENCE OF COURT: FACTS CONSTI- TUTING. Where a contention arose between counsel as to whether a witness had not already answered a certain question, and the court, after hearing the reporter's notes read, decided that she had answered it, whereupon one of the attorneys sprang to his feet, and, turning to the court, said, in loud tones and insulting manner: "She has not answered the question," *held* that the attorney was guilty of contempt, regardless of the question whether the decision of the court was right or wrong. Code, § 3491.

2. ———: RIGHT OF OFFENDER TO MAKE VERIFIED EXPLANATION. One charged with contempt, even when committed in the presence of the court, has the right to file a written explanation of his conduct under oath, for the purpose of excusing the contempt or reducing the punishment, (Code, § 3496,) and a reasonable opportunity must be given for this purpose before punishment is inflicted. For a failure to give such opportunity in this case, the judgment of the court imposing a fine upon plaintiff for a contempt is reversed.

WEDNESDAY, OCTOBER 7.

CERTIORARI. The plaintiff is a practicing attorney, and was fined by the defendant for a contempt of court. He claims that the court exceeded its jurisdiction or otherwise acted illegally in thus punishing him, and he seeks in this proceeding to have the judgment of the court set aside.

*J. Scott Richman* and *W. F. Brannan,* for plaintiff.

*J. Carskaddan,* for defendant.

SEEVERS, J.—A cause was being tried in the circuit court, in which plaintiff was acting as one of the attorneys for one of the parties. During the progress of the trial the plaintiff asked a witness a question, to which objection was made by the attorneys for the plaintiff that the question had been already answered, and thereupon the court, after hearing the prior questions and answers read by the short-hand reporter engaged in taking the evidence, announced his decision sustaining the objection, and stating that the question had been already answered. Immediately upon this ruling the said J. J. Russell sprang to his feet, and, turning to the court, said, in loud tones and insulting manner: "She has not answered the question." Whereupon the court then and there fined the said Russell the sum of $50 on account of contempt of court thus committed in the presence of the court, and known to the court of its own knowledge, and judgment was accordingly entered.

The plaintiff insists that the foregoing record made by the court at the time, as provided in section 3497 of the Code, is not full and complete, and does not state the facts correctly, and he has caused to be filed certain affidavits, statements and depositions which, he insists, support the claim made. Counsel for the defendant insist that these papers cannot be considered, and should be stricken from the record. We do not deem it necessary to determine this question, but will hereafter refer to the affidavits and depositions so far as deemed necessary.

I. It is provided by statute that "contemptuous or insolent behavior towards a court while engaged in the discharge 1. CONTEMPT: of a judicial duty, which may tend to impair by attorney in presence of the respect due to its authority," is a contempt. court: facts constituting. Code, § 3491. When the court made the ruling it did, whether right or wrong, the plaintiff should either have submitted thereto, taken an exception, and had the error, if it was one, corrected on appeal, or in respectful language and manner addressed the court and asked to

have the ruling reconsidered; but if the court declined to hear him, the plaintiff should have acquiesced therein. The time for argument is before the decision. Counsel then have the right to insist on being heard. When a decision has been made, the time for argument has passed, unless permission of the court is asked and obtained. Of course, it will be understood, if the right to a rehearing exists and is asked, the right to make an argument would seem to be apparent; but even in such case the court in its discretion might decline to hear the argument. Instead of taking this course, or one approximating thereto, the plaintiff, as the court thought, in " loud tones and insulting manner," directly contradicted a statement of fact made by the court, and upon which the decision was based. We therefore feel constrained to say that such conduct was contemptuous, and had a tendency to impair the respect due to the authority of the court. If the plaintiff believed the statement made by the court to be incorrect, and he deemed it material for the interest of his client to have it corrected, and the decision changed, he should, in respectful language, have called attention to what he deemed to be the mistake. It is quite apparent that he did not do this, but that, at least, he sprang to his feet and, in unequivocal language, directly contradicted what the court said.

Whether the plaintiff's manner was insulting we are unable to say; but that we must assume it to have been so we have no doubt. The plaintiff, as we understand, claims that he in point of fact was right and the court wrong; the contention of the plaintiff being that the question asked the witness had been evasively and not directly answered; and he seeks to so show by the affidavits filed by him. We think it is immaterial how this may be. Conceding that he is correct in this respect, still we do not think he was justified in addressing the court as he did. We have examined the affidavits and depositions on file, and are unable to see that the record made by the court has been shown, conceding the compe-

tency of such evidence, to be incorrect in any material statement of fact.

II. The statute provides that, "unless the contempt is committed in the immediate view and presence of the court, * * * an affidavit showing the nature of the transaction is necessary as a basis for further action in the premises. Before punishing for contempt, unless the offender is already in the presence of the court, he must be served personally with a rule to show cause against the punishment, and a reasonable time given him therefor; or he may be brought before the court forthwith, or on a given day, by warrant, if necessary. In either case he may, at his option, make a written explanation of his conduct under oath." Code, § § 3495, 3496.

*2. ——: right of offender to make verified explanation.*

This statute contemplates that contempts may be committed when the offender is in the presence of the court, and when he is not. But, however committed, he has the right to make a written explanation of his conduct under oath, for the purpose of excusing the contempt or reducing the punishment; and a reasonable opportunity must be given for this purpose before punishment is inflicted. After a person has been adjudged guilty of contempt, and punishment inflicted, he has no right to excuse or explain his conduct except with the consent of the court, and possibly at its invitation. That such is the common law rule we think must be conceded. The statute has changed this rule, and under it the offender, when accused of contemptuous conduct, has the absolute right to make an explanation, provided he does so in respectful language. Now, as we understand the record, no such opportunity was given. The court adjudged the defendant guilty and inflicted punishment, so to speak, in the same breath. There was no time when he could have exercised the right given him by statute. The right is not a barren one, but is of a substantial character, and a person cannot be deprived of it by an expeditious mode of inflicting punishment. We cannot but think that, when a court deems that a contempt

of its authority has been committed, the attention of the accused should be called thereto, and a reasonable time fixed within which he may make the written explanation contemplated by the statute. It is obvious that he should not be required to do so on the instant the accusation is made, unless the emergency is more than ordinarily great. Ordinarily there cannot be any necessity for haste; on the contrary, deliberation in such cases may be exceedingly advantageous. The result is that the court exceeded its authority in imposing a fine on the plaintiff, and entering judgment therefor, and such judgment must be set aside.

                                        