---

## *Ex parte* WINN.

### Opinion delivered October 14, 1912.

CONTEMPT—SUFFICIENCY OF EVIDENCE.—A judgment of the police court fining petitioner for contempt of court will be quashed where all the witnesses testified that neither the language nor the demeanor of the petitioner on the occasion in question was disrespectful, and where the police judge stated that he fined petitioner because he had a "snarl" on his face.

Appeal from Pulaski Circuit Court, First Division; *Robt. J. Lea*, Judge; reversed.

*Murphy & McHaney* and *W. T. Tucker*, for appellant. Petitioner argued the case orally, *pro se*.

1. Direct contempt can only be committed in the presence of the court or so near thereto as to obstruct the administration of justice. Insolent conduct toward the court or judge, to constitute contempt, must occur while the court or judge is engaged in the discharge of a judicial duty. 9 Cyc. 19. Certiorari is the proper remedy to bring into the circuit court for correction void proceedings of inferior courts. Kirby's Dig., § § 1310, 1315 and 1316; 73 Ark. 358; 87 Ark. 47.

Where the judgment fails to set out the facts constituting the contempt, it will be presumed that there was no direct objectionable conduct toward the court or judge. 87 Ark. 47; 73 Ark. 358; 80 Ark. 583.

2. Contempts committed out of the presence of the court may be proceeded against only after an order or statement spread upon the record or by affidavit calling the court's attention to the alleged contempt with notice in either case to the party charged and a reasonable time allowed in which to answer. 89 Ark. 72. One of these methods of procedure is necessary, where the contempt is not committed in the presence of the court, in order to give it jurisdiction, and without jurisdiction the judgment is a nullity. 91 Ark. 527; 93 Ark. 311.

*Harry C. Hale*, for appellee.

1. A police court is a court of record. Kirby's Dig., § 5626. And as such has power to punish for criminal contempt. *Id.*, § 720. In determining whether or not a contempt has been committed, the court may take into consideration, not only the spoken words, but also the demeanor of the offender, his tone of voice, the emphasis used, his manner and bearing toward the court, the glance of the eye and his facial expression. 7 Q. B. 984; 105 Ind. 513; 3 Minn. 274; 46 Neb. 149; 32 Vt. 253; 51 Ill. 296; 106 Ia. 7; 5 Col. 436.

2. The omission of the findings of fact in the judgment does not invalidate it. 5 Iredell's Law, 149; *Id.* 199; Rapalje

on Contempt, § 128; Oswald on Contempt, p. 217; 6 Fed. 63; 3 Wilson 188; 14 East 1.

McCULLOCH, C. J.    The petitioner, Oscar H. Winn, is an attorney at law, licensed to practice in the courts of this State, and resides in the city of Little Rock; and on February 6, 1912, the police court of that city imposed a fine on him for contempt, alleged to have been committed in the presence of the court.    The record was carried up to the circuit court by certiorari, and on trial *de novo* the petition for certiorari was by judgment of that court dismissed, from which judgment petitioner has prosecuted an appeal to this court.

No question is raised here by the respondent as to the form in which a review by this court is sought; therefore, we pretermit any discussion of that question, as the case may be treated as being either here on appeal or on writ of certiorari.

The circumstances under which the fine was imposed, as disclosed by the testimony adduced at the trial in the circuit court, were substantially as follows:  Prior to the occasion in question, the police judge had announced from the bench, in the absence of petitioner, the latter's suspension from the right to practice his profession in that court.    On the morning of February 6, 1912, the petitioner entered the police court room, while the court was in session, and took his seat inside of the rail where space was reserved for attorneys and officers of the court.    The judge, observing his presence, directed him to leave, saying "Get out of here; you have been disbarred," or "You will have to get out of here; didn't you know you had been disbarred from this court?"    Petitioner immediately arose, and, in a somewhat excited and embarrassed manner and tone of voice, replied, saying something about wanting a hearing.    The witnesses do not precisely agree as to his words, but there is very little, if any, difference as to their meaning.    One of the witnesses stated that he "said something in regard to wanting a hearing."    Another stated that he "asked what for, and asked for a hearing or something of that kind;" another that he replied, "Well, I don't know about this; we will have to have a hearing of that;" others that he merely asked for a trial.    Petitioner testified that his reply to the judge was that:  "Well, Judge, I want to do what is right, and don't know what this is about, but if

I am charged with anything I would like to have a hearing."
The police judge himself testified that when he directed peti-
tioner to leave, the latter replied, "I don't know whether I
do or not. I have not been given a trial." The fine was
then imposed, and petitioner was at once taken in custody by
an officer.

All of the witnesses, except the police judge, stated that
they observed nothing disrespectful in petitioner's manner or
tone of voice. The judge testified that petitioner had a "snarl"
on his face, and that he fined him for his contemptuous look
and for disobeying the orders of the court. Now, there is
nothing in the testimony whatever, not even that of the judge
himself, that petitioner refused to obey the order of the court.
The only possible conflict in the testimony is as to the alleged
manner of facial expression of petitioner. We conceive it
to be our duty to give the same force to the findings of the trial
court in this kind of case as in other cases where there is a
conflict in the testimony, but it can hardly be said, we think,
in this case that there is any substantial conflict in the testi-
mony. We do not doubt that disrespectful manner or tone
of voice may constitute such conduct as amounts to contempt
of court; but interpretation of the expression on another's
face, especially that of one who is surprised, excited or embar-
rassed, as practically all the witnesses agree was the condition
of petitioner at this time, is a matter about which observers
may easily be mistaken, and when, as in the present instance,
only one out of many witnesses could discern a disrespectful
look on the face of the accused, we hesitate about sustaining a
punishment hastily inflicted. The differences in the opinions of
the witnesses on that point are too inconsequential to be treated
as raising a substantial conflict in the testimony. The opinion
of the judge must under the circumstances be attributed to a
mistake on his part in interpreting the manner of petitioner,
since all agree that no contemptuous words were spoken, and
no one else discovered anything disrespectful in his manner.
It is also undisputed that immediately after the fine was im-
posed the petitioner expressed himself in a way which amounted
to a disclaimer of any intention either to disobey the order of
the court or to offer anything disrespectful to the court. Upon
the whole, we are convinced that neither the manner nor con-

duct of the petitioner on the occasion named was disrespectful to the court, and that there existed no ground for adjudging him to be in contempt. The judgment of the circuit court is therefore reversed, and the cause is remanded with directions to quash the judgment of the police court.