MICHAEL W. ALBANO *vs.* COMMONWEALTH.

Hampden.    November 7, 1941. — February 28, 1944.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Contempt.   Attorney at Law.   Error, Writ of.*

On a writ of error, matters not assigned as error cannot be considered.

Facts set forth in the return upon a writ of error cannot be altered, added to, or otherwise challenged.

An intentional misrepresentation of fact by an attorney at law to a judge in open court in requesting that a trial against his client be delayed, followed by the attorney's absence from the court for an unreasonable time and resulting in interference with the business of the court for a period of twenty minutes properly might be adjudged a contempt of court, irrespective of whether the court previously had acquired jurisdiction over the person of the attorney's client or was induced by the false representation to wait in the expectation of the client's voluntary appearance, or whether the pleading against the client was properly drawn.

Sufficient ground for adjudging an attorney in contempt of court appeared in the judgment in which the court characterized as "objectionable" the manner of the attorney in leaving the court room to comply with a direction of the judge, his manner and tone of voice in then saying "all right," and his manner, speech, attitude and conduct upon being admonished by the judge after he had said in cross-examination of a witness, "I want every one in the court room to bear witness to what this witness says."

Conduct in direct contempt of court cannot be excused on the ground that the contemnor did not realize he was in contempt or that he did not intend to commit contempt.

A judge did not lose his power to punish an attorney at law for a series of consecutive and related acts of contempt, committed while representing a client in a single proceeding, by not taking action at the first sign of contemptuous conduct or at each separate recurrence of such conduct.

WRIT OF ERROR, issued from the Supreme Judicial Court for the county of Hampden to the judge of the District Court of Springfield on December 28, 1939.

The case was heard by *Cox,* J., who affirmed the judgment of the District Court and reported the case.

*E. M. Dangel,* (*L. E. Sherry & G. A. Goldstein* with him,) for the plaintiff in error.

*R. T. Bushnell,* Attorney General, *& R. Clapp,* Assistant Attorney General, for the Commonwealth, submitted a brief.

QUA, J.   This is a writ of error to reverse a judgment rendered against the plaintiff in error in a contempt proceeding in the District Court of Springfield.

Many assignments of error have not been argued and are deemed to have been waived.   The plaintiff in error has argued many matters not covered by any assignment of error.   These we cannot consider, since the assignments of error lie at the foundation of the present proceeding.   *Dolan* v. *Commonwealth,* 304 Mass. 325, 346.   See G. L. (Ter. Ed.) c. 250, § 2; Rule 29 of the Supreme Judicial Court for the Regulation of Practice at Common Law (1926), 252 Mass. 598; *Woodbury* v. *Commonwealth,* 295 Mass. 316, 319; *Harris* v. *Harris,* 153 Mass. 439.   Eliminating from consideration assignments of error not argued and matters argued but not assigned as error leaves open for discussion only the contention, expressed in various forms, that the conduct of the plaintiff in error in the District Court did not constitute contempt.   We deal with that question.   No question of the method of procedure in the District Court is open.

In *Silverton* v. *Commonwealth,* 314 Mass. 52, we held that in cases of direct criminal contempt in the presence of the court — a class to which the case now before us in most if not in all its aspects belongs — the law of this Commonwealth does not require that the record of the proceeding show such detailed subsidiary findings as will support the judgment of contempt, but we indicated our belief that it would be better practice to set forth definitely in the order of the court the conduct which is found to constitute con-

tempt. In this case the judge acted, in general, in accordance with the better practice. The judgment of the court reads as follows:

"The Court finds and adjudges Michael W. Albano, Counsel for Defendant in this case [referring to a criminal case tried in the District Court], in contempt of court for objectionable conduct, attitude, language and manner in the presence of the Court tending to embarrass and obstruct the Court in the administration of justice for that he did misrepresent to the Court on two occasions in requesting a delay in the trial of two complaints against the defendant in this case that the said defendant was present in the court house and would shortly appear in the court room for trial, the Court being delayed at least twenty minutes by such conduct after having called the said cases for trial, when in fact the said Michael W. Albano knew that said defendant was not in the court house at the time said representations were made, and when the said Michael W. Albano was then ordered by the Court to produce said defendant and the Court directed officers of the Springfield Police Department present in the court to make a search of the building for said defendant, the said defendant not being found therein; that the said Michael W. Albano was objectionable in manner, speech, attitude and conduct when ordered by the Court to produce said defendant by his manner in leaving the Court room and also objectionable in his manner and tone of voice in saying 'all right' at such time; that the said Michael W. Albano after having been directed by the Court to produce said defendant was absent himself from the Court Room an unreasonable time and when he himself was sought by said police officers at the direction of the Court, was found to be telephoning; that the said Michael W. Albano was objectionable in manner, speech, attitude and conduct while cross-examining one of the witnesses for the Commonwealth when admonished by the Court to confine his language to the witness to the asking of questions, after said Michael W. Albano had stated, 'I want every one in the Court room to bear witness to what this witness says.'

"It is therefore considered by said Court that said Michael

W. Albano for his contempt pay a fine of twenty-five dollars and stand committed to the Common Jail in the County of Hampden till this sentence be performed."

The facts set forth in the foregoing judgment were all pertinent to the matter then in issue before the court and there determined. In accordance with the general rule applicable to writs of error these facts cannot be altered, added to, or otherwise challenged in this proceeding. "A party cannot retry his case upon error." *Raymond* v. *Butterworth*, 139 Mass. 471. *Blankenburg* v. *Commonwealth*, 260 Mass. 369, 376–377. *Commercial Credit Corp.* v. *Flowers*, 282 Mass. 316, 320. *MacEachern* v. *S. S. White Dental Manuf. Co.* 304 Mass. 419, 420, and cases cited. *Silverton* v. *Commonwealth*, 314 Mass. 52. We do not understand that any contention to the contrary is now made. The judgment must stand unless error of law appears on the face of the record.

We have no doubt that an intentional misrepresentation of fact to a judge in open court in requesting that a trial be delayed, followed by absence for an unreasonable time and resulting in interference with the business of the court for a period of twenty minutes, may be a contempt of court. *In re Clark*, 126 Mo. App. 391. *Nelson* v. *Wergland*, 104 N. J. Eq. 334. The court has a right to expect that attorneys appearing before it in the matter of postponements, as in other matters, will tell the truth and not, through false representations, trifle with the court's dignity and interfere with its business. *Goodhart* v. *State*, 84 Conn. 60. *In re Estate of Kelly*, 365 Ill. 174, 178. *Clark* v. *United States*, 289 U. S. 1, 12. *Bowles* v. *United States*, 50 Fed. (2d) 848, 851. And where the contempt consists in flouting the dignity of the court in open session and in wasting its time, we do not perceive that it makes any difference whether the court has previously acquired jurisdiction over the person of the defendant in the proceeding in which delay is sought or is induced by the false representation to wait in the expectation of his voluntary appearance. Nor is it material whether or not the pleading or complaint in that proceeding was properly drawn.

Contempt may also consist of an objectionable manner, speech, attitude, conduct, and tone of voice in the court room. *Ex parte Winn*, 105 Ark. 190, 193. *Hill* v. *Crandall*, 52 Ill. 70. *Russell* v. *French*, 67 Iowa, 102. *State* v. *District Court of Hennepin County*, 110 Minn. 446. *In re Mindes*, 88 N. J. L. 117. *In re Cooper*, 32 Vt. 258, 263–264. *United States* v. *Landes*, 97 Fed. (2d) 378. Possibly the judge could have stated more specifically than he did wherein the manner, speech, attitude, conduct, and tone of voice of the plaintiff in error were contemptuous, but it is often difficult to reproduce in words an impression created by manner and tone of voice, and as stated earlier in this opinion the judge was not bound in law to particularize, and failure to do so is not assigned as error. The conduct of the plaintiff in error in calling upon "every one in the Court room to bear witness to what this witness says" was highly improper, and although not stated to have been in itself one of the grounds of the judgment, it may suggest the tone of the plaintiff in error's words and acts.

If the conduct of the plaintiff in error was in fact contemptuous, as the record must be construed as showing that it was, he cannot excuse himself on the ground that he did not realize that he was in contempt or intend to commit a contempt. *Woodbury* v. *Commonwealth*, 295 Mass. 316, 319. *Anderson* v. *Macek*, 350 Ill. 135, 137–138.

The conduct of the plaintiff in error was consecutive and related. Each part of it might tend to lend flavor to the other parts. The judge could consider the effect of that conduct as a whole. He was not obliged to take action at the first sign of contemptuous conduct or at each separate recurrence of such conduct thereafter, and he did not lose his power to punish by failure to take that course. *Blankenburg* v. *Commonwealth*, 272 Mass. 25, 35. *Dolan* v. *Commonwealth*, 304 Mass. 325, 338. *Clark* v. *United States*, 289 U. S. 1, 12.

The record discloses no error of law in the matters presented and argued.

*Judgment affirmed.*