EDWARD M. JOYCE *vs.* WILLIAM J. HICKEY, JUNIOR.

Suffolk.    December 6, 1957. — March 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Judicial Immunity. Contempt. False Imprisonment. Jurisdiction,* Contempt. *Pleading, Civil,* Declaration, Demurrer. *Words,* "Arbitrarily."

A demurrer grounded on failure of the declaration to state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action is sufficiently definite. [119]

An allegation in a declaration that a decree adjudicating the plaintiff in contempt was "incorrect in fact and law" was not admitted by demurrer. [121]

A count in the declaration in an action against a judge of probate alleging in effect that the defendant, during a conference in a court room, adjudged the plaintiff guilty of contempt, sentenced him to jail forthwith, and thereupon had him taken to jail, but that there was no formal proceeding then pending before the defendant and he was not then engaged in any permissible judicial inquiry respecting any matter within his jurisdiction stated a cause of action for false arrest and false imprisonment not barred by the principle of immunity of a judge to suit for acts within his jurisdiction. [122]

An action against a judge for false arrest and false imprisonment in that the judge, without jurisdiction to do so, adjudged the plaintiff guilty

of contempt, sentenced him to jail forthwith, and thereupon had him taken to jail was not barred on the ground that the plaintiff's proper remedy was by writ of error.  [123]

A demurrer was rightly sustained to a count in the declaration in an action alleging that the defendant was a judge of a Probate Court, that he had entered a final decree in the estate of a decedent, that the plaintiff had been counsel for the next of kin but had terminated all connection with the case, that "without jurisdiction or authority over the plaintiff or said case" the defendant called the plaintiff into court, "arbitrarily adjudged him in contempt and caused him to be committed to jail without right or cause," and that the plaintiff was "falsely imprisoned": the principal allegations were mere conclusions of law not admitted by the demurrer.  [123]

TORT.  Writ in the Superior Court dated March 18, 1957.

The action was heard by *Murray, J.,* on demurrer.

*Edward M. Joyce,* pro se.

*Daniel G. Rollins,* for the defendant.

WILKINS, C.J.  In this action of tort for false arrest and false imprisonment the declaration contains three counts. The defendant demurred to each count on two grounds: (1) that the declaration does not state concisely and with substantial certainty the substantive facts necessary to constitute a cause of action; and (2) that the matters contained in the declaration are insufficient in law to enable the plaintiff to maintain his action.  A motion to strike out the first ground of demurrer was denied, and the plaintiff both excepted and appealed.  No bill of exceptions was filed, and the exception became a nullity.  *Sullivan* v. *Roche,* 257 Mass. 166, 170.  The demurrer was sustained generally, and the plaintiff appealed.

Although the denial of the motion to strike out the first ground of demurrer is not properly before us on appeal, G. L. (Ter. Ed.) c. 231, § 96, we shall clear the record by stating that there was no error in this respect.  This ground is couched in the language of G. L. (Ter. Ed.) c. 231, § 7, Second, and is sufficiently definite.  *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 258.  *Jacobs* v. *Mann,* 300 Mass. 258, 259.  *Regional Land Corp.* v. *McLaughlin,* 334 Mass. 276, 281.

We summarize the allegations of count 1.  The defendant

is judge of the Probate Court for Norfolk County, and on August 2, 1955, entered a final decree in the estate of Susan R. Faunce, No. 134,307. On March 5, 1957, at the defendant's request the plaintiff was in the judge's lobby in the presence of the defendant and other counsel. At that time the plaintiff denied both the right of the defendant to require his presence and the jurisdiction of the defendant over his person or the subject matter of the estate. The defendant continued the conference to the court room and "invited the plaintiff to state his position relative to the estate in which the plaintiff had been attorney for the next of kin, the defendant well knowing that no matter was then under consideration by the defendant or counsel." The "defendant was not in truth and fact acting in his judicial capacity and the defendant then and there stated that the conference was informal and no matter was before him for consideration, and in truth and fact no matter was before said defendant and no order, judgment, decree, or opinion was rendered by the defendant or under consideration to be rendered." The defendant thereupon ordered the plaintiff to appear in court the following Monday to show cause why he should not be adjudged in contempt. The plaintiff requested that the order be set forth in writing so that he might engage counsel and prepare for trial, and stated that he could not appear in court unless the order was in writing. Without further comment the defendant said he believed that he had no alternative but to adjudge the plaintiff in contempt, and sentenced the plaintiff to twenty days in jail forthwith. The defendant immediately ordered a court officer to take the plaintiff to jail, which was done. In truth and fact the defendant adjudged the plaintiff guilty of contempt because the plaintiff requested that the order to show cause be in writing and because he stated that he . could not appear on Monday unless he had a writing to show counsel in order to prepare for trial.[1]

---

[1] There is also an allegation, which we treat as immaterial, to the effect that at no time in his address to the court was the plaintiff's manner or speech contemptuous, and the defendant so stated.

Count 2 contains everything which is in count 1, and has an additional paragraph alleging that while the plaintiff was in jail, the defendant "arbitrarily" caused a decree to be entered adjudicating the plaintiff in contempt; that the decree was formulated during his absence without notice to him or opportunity to be heard; that the decree is incorrect in fact and law; and that "on consideration thereof" on March 8, 1957, the defendant remitted sixteen days of the jail term. The word "arbitrarily" adds nothing. See *Pratt* v. *Gardner*, 2 Cush. 63, 71. The statement that the "decree is incorrect in fact and law" is not admitted by the demurrer. See cases cited below in the consideration of count 3.

Count 3 is much briefer, and alleges that the defendant is judge of the Probate Court for Norfolk County; that on August 2, 1955, he entered a final decree in the estate of Susan R. Faunce; that the plaintiff had been counsel for the next of kin and had terminated all connection with the case; that without jurisdiction or authority over the plaintiff or the case, the defendant called the plaintiff into court, arbitrarily adjudged him in contempt and caused him to be committed to jail without right or cause; and that the plaintiff was falsely imprisoned.

"It is a principle lying at the foundation of our jurisprudence, too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law. This immunity is founded upon considerations of public policy to the end that the administration of justice may be independent, based upon free and unbiased convictions and not influenced by apprehension of personal consequences." *Allard* v. *Estes*, 292 Mass. 187, 189–190. This quotation is based upon a statement of Chief Justice Shaw in *Pratt* v. *Gardner*, 2 Cush. 63, 68–69. This salutary principle is not here in issue. The question is whether the several counts of the declaration allege a case within its application.

Counts 1 and 2 contain allegations of fact, admitted by

the demurrer, which in substance are that the defendant was not acting in his capacity as judge when the plaintiff was adjudged in contempt. In other words, we construe these allegations to mean not only that there was no session of court and no formal proceeding pending before the defendant but also that the defendant was not engaged in any permissible judicial inquiry with respect to any probate matter, or the conduct of fiduciaries or attorneys, or other subject as to which the defendant could properly act as judge.

The mere fact that the judge held office or was in the court room conferred no power upon him to commit for contempt. See *Lange* v. *Benedict,* 73 N. Y. 12, 26. The defendant would have no such power if he was not engaged in considering a matter permissible for judicial inquiry. *Piper* v. *Pearson,* 2 Gray, 120, 123. *Clarke* v. *May,* 2 Gray, 410, 412. *Globe Newspaper Co.* v. *Commonwealth,* 188 Mass. 449, 450. *Berlandi* v. *Commonwealth,* 314 Mass. 424, 430, 437. *Manning* v. *Ketcham,* 58 Fed. (2d) 948 (C. C. A. 6). *Ketcham* v. *Commonwealth,* 204 Ky. 168, 175. *Ketcham* v. *Manning,* 212 Ky. 325. *Nixon* v. *State,* 207 Ind. 426, 435–437. *Lange* v. *Benedict,* 73 N. Y. 12, 34. The underlying reason for the power to sentence for direct contempt is that "the contemner is guilty of some insult or affront to the court or of some interference with the orderly processes of the law, all within the presence and under the perception of the judge, and where summary action is required to preserve the dignity and authority of the court." See *Crystal, petitioner,* 330 Mass. 583, 587. In each of the cases of direct contempt relied upon by the defendant there was a pending judicial proceeding. See *Hurley* v. *Commonwealth,* 188 Mass. 443; *Blankenburg* v. *Commonwealth,* 260 Mass. 369; *Albano* v. *Commonwealth,* 315 Mass. 531; *Garabedian* v. *Commonwealth,* 336 Mass. 119.

In view of the broad allegations of fact in counts 1 and 2, it was error to sustain the demurrer to those counts.

We are, of course, considering this case in the somewhat artificial situation presented whenever any pleading is chal-

lenged by demurrer. It is unlikely that the evidence will show that the defendant was holding a social gathering in his lobby or in the court room. More probably it will indicate that he was conducting a judicial inquiry with respect to some matter connected with the Faunce estate as was his right and duty and within his jurisdiction. In such circumstances the defendant would not be precluded from issuing a complaint for criminal contempt based upon acts performed in connection with that estate, while some proceeding relating to it was pending there, by reason of the fact that the original proceeding had been finally adjudicated. *Berlandi* v. *Commonwealth*, 314 Mass. 424, 430. See *Wireless Specialty Apparatus Co.* v. *Priess*, 246 Mass. 274, 277–278. Nor would the termination of the original proceeding preclude his issuing such a complaint based upon acts performed during a legitimate judicial inquiry with respect to that proceeding.

Where there is no jurisdiction to sentence for a criminal contempt, the person sentenced is not required to seek review by writ of error under G. L. (Ter. Ed.) c. 250, § 9.

The third count contains largely allegations of law: "without jurisdiction or authority over the plaintiff or the said case"; "arbitrarily adjudged him in contempt and caused him to be committed to jail without right or cause"; "falsely imprisoned." These were not admitted by demurrer. *Burnes* v. *Metropolitan District Commission*, 325 Mass. 731, 733–734. *Cabot* v. *Assessors of Boston*, 335 Mass. 53, 58. See *DeVincent Ford Sales, Inc.* v. *First Mass. Corp.* 336 Mass. 448, 451–453. The demurrer was rightly sustained as to count 3.

That part of the order sustaining the demurrer as to counts 1 and 2 is reversed, and that part of the order sustaining the demurrer as to count 3 is affirmed.

*So ordered.*