CHARLES A. HARRINGTON & another *vs.* CITY OF WORCESTER.

Worcester. November 9, 1962. — November 30, 1962.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Eminent Domain*, Agricultural land, Appropriation for taking. *Equity Pleading and Practice*, Bill, Demurrer.

The allegations in a bill in equity did not support a conclusion that a hearing afforded by a city board to the owner of agricultural land and his counsel under G. L. c. 79, § 5B, preliminary to a taking of the land by the city by eminent domain was a mere "sham." [167–168]

Conclusions of law stated in a bill in equity are not admitted by a demurrer to the bill. [167–168]

The provision of G. L. c. 43, § 30, for "an appropriation . . . for the general purpose for which land is needed" prior to acquisition of the land by a city does not require that such appropriation be large enough to cover the cost of erecting a contemplated municipal building on the land as well as the cost of acquiring the land. [168]

BILL IN EQUITY filed in the Superior Court on July 3, 1961.

The suit was heard by *Lurie*, J., on demurrer.

*Thomas S. Carey* for the plaintiffs.

*Henry P. Grady*, Assistant City Solicitor (*Harry J. Meleski*, City Solicitor, with him), for the defendant.

SPIEGEL, J. The plaintiffs, owners of separate parcels of land on Harrington Way in Worcester, brought this bill in equity in the Superior Court seeking to enjoin the defendant "from taking any further steps, proceedings or action in connection with the use of the land" of the plaintiffs "for

school purposes." The defendant's demurrer to the bill was sustained. The plaintiffs appeal from an interlocutory decree sustaining the demurrer and from a final decree dismissing the bill.

The bill alleges that on or about April 20, 1961, the defendant notified the plaintiffs by mail that it intended to take the plaintiffs' land by eminent domain for school purposes and that, since the land was presently used for agricultural purposes, G. L. c. 79, § 5B, would be complied with. That section provides: "No property used for agricultural purposes shall be taken without the consent of the owner thereof, except after a hearing by the board at which such owner shall be entitled to be heard and allowed to introduce evidence that other land not used for agricultural purposes is available for the public use for which it is intended to take his property. . . ." The hearing was scheduled for 3 P.M. on May 1, 1961, at which time counsel representing the plaintiffs met with the city council. The defendant, on May 22, 1961, by a two-thirds vote of its city council, voted $3,981.12 "to provide funds for the acquisition by purchase or eminent domain [of] land in the vicinity of Harrington Way; and the aforesaid sum is now available for the purpose of the present taking." On or about June 6, 1961, the plaintiffs were notified by the defendant that the land in question had been taken "by eminent domain for school purposes."

The plaintiffs' bill also alleges that, although they were represented by counsel at the hearing, agents of the defendant made certain "false" representations at the meeting in order to "lull" and "mislead" the plaintiffs into not presenting their full evidence, and that the plaintiffs relied upon the "good faith" of the defendant but were "deceived and defrauded" causing the hearing to be a "sham" or "arbitrary and capricious act." The plaintiffs do not allege that they were prevented from presenting the evidence they had prepared. They were given notice and an opportunity to be heard with counsel. The allegations "deceived and defrauded," "sham," and "arbitrary and capricious"

are all statements and conclusions of law and, as such, were not admitted by demurrer. *Joyce* v. *Hickey,* 337 Mass. 118, 123.

The plaintiffs' brief further alleges that there was not the necessary compliance with G. L. c. 43, § 30, which provides, in part, that: "No land shall be taken or purchased until an appropriation by loan or otherwise for the general purpose for which land is needed has been made by the city council, by a two thirds vote of all its members; nor shall a price be paid in excess of the appropriation, unless a larger sum is awarded by a court of competent jurisdiction." They argue that to be valid the appropriation by the city council on May 22, 1961, should have included the cost of erecting the school as well as the cost of acquisition of the land, and that the sum of $3,981.12 was "knowingly far under the reasonably anticipated cost of the land acquisition and of the buildings to be built thereon." The sum quoted was voted "for the purpose of the present taking." The statute does not require that the "appropriation" be the only one made to achieve the "general purpose." There is nothing to prevent a later appropriation providing for the construction of buildings. It would be extremely impractical to require that all of the costs of the intended project be set forth in detail before the land is acquired. The statute itself, by use of the phrase "nor shall a price be paid in excess of the appropriation," clearly allows the initial sum voted to be for land acquisition purposes alone. The plaintiffs have cited no cases supporting their construction of the statute and we can find no reason for so construing it. The demurrer was rightly sustained.

*Interlocutory and final decrees affirmed.*